LEE *v.* REYNOLDS.

(In Banc.  April 14, 1941.  Suggestion of Error Overruled, May 12, 1941.)

[1 So. (2d) 487.  No. 34527.]

Roberson & Luckett, of Clarksdale, for appellant.

694

**Brewer & Sisson**, of Clarksdale, for appellee.

Argued orally by **Semmes Luckett**, for appellant, and by **Charles A. Sisson**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Plaintiff recovered judgment against defendant for damages to himself and his automobile, which were sustained when struck by defendant's car upon the highway. A peremptory instruction was granted in favor of the plaintiff as to the defendant's liability. The jury returned a verdict allowing damages in the sum of one hundred dollars. Plaintiff made a motion to set such verdict aside and grant a new trial as to damages only. From an adverse ruling thereon plaintiff appeals. There is no cross-appeal. The question presented, therefore, is whether, under the facts and in view of an instruction under our comparative negligence statute (Code 1930, Sec. 511) the verdict is so inadequate as to evince prejudice justifying reversal.

Plaintiff was driving south along concrete highway number 61, about eight miles north of the city of Clarksdale, when his car ran out of gasoline and stopped. With the aid of fellow passengers he sought to push the car toward the shoulder on the right of the highway. There

was some testimony that the car was being pushed farther down the highway. While so employed defendant, proceeding along the same highway and in the same direction, crashed into the plaintiff's car from the rear, practically demolishing it, and causing serious injury to plaintiff. It was about eight o'clock in the evening in May, 1940. The rear lights on plaintiff's car were burning. The lights on defendant's car had a usable range of between five and six hundred feet. Defendant testified that he did not see plaintiff's car until he was within about twenty-five or thirty feet, due, it is contended, to the glare from the lights of an approaching car. Defendant's car traveled about one hundred yards after the collision.

Without detailing further facts relative to liability of defendant which is readily apparent, we will examine the extent of plaintiff's damage. He suffered a compound fracture of the right leg, the bone protruding through the flesh. The left leg was cut and bruised, requiring fifteen stitches or sutures. His car was damaged to the extent of $172.45. There was loss of time and a doctor's bill of $25. He was compelled to remain in bed with his leg in a cast for about a month, and for two weeks additional after the cast was removed. He was incapacitated for over seventeen weeks.

When the extent of the injury, with the resultant pain and suffering, is considered and the property damage and other losses are computed conservatively by any standard, it must necessarily and fairly total an amount, as to which an award of only one hundred dollars would be grossly disproportionate to any contributory negligence attributable to the plaintiff.

Defendant cites the case of Chapman v. Powers, 150 Miss. 687, 116 So. 609. Yet this case itself discloses an injury suffered when plaintiff's husband negligently drove into an obstruction on the highway which the exercise of reasonable care and prudence would have avoided. This Court took no pains to conceal its view

that the greater negligence was that of the plaintiff. The analogy which is here applicable is not to the liability of the plaintiff Lee, but to the defendant who negligently failed to keep his car under proper control, and ran into plaintiff's car. Regardless of the degrees of negligence properly attributable to the respective parties, we have no hesitancy in declaring the verdict to be so grossly inadequate as to evince prejudice; and if not the result of prejudice, it is due to an inadequate estimate of the total injuries suffered, or to an unjust appraisal of the degree to which the plaintiff's negligence, if any, contributed to such injuries. Appellee's contention is that appellant was not diligent in removing his car, and that appellant wasted his time. This may be a fact issue. However, it is clearer that since appellee was presumed to have seen what he should have seen (Graves v. Johnson, 179 Miss. 465, 176 So. 256), and since his headlights threw a beam five hundred feet and he did not see appellant until within thirty feet, appellee must have wasted both light and space.

Reversed and remanded for hearing as to damages only.