## DIXON v. BRELAND.

(In Banc. Feb. 9, 1942.)

[6 So. (2d) 122. No. 34815.]

Howie, Howie & McGowan, of Jackson, and **H. W. Gautier,** of Pascagoula, for appellant.

**Ford & Ford,** of Pascagoula, for appellee.

Argued orally by **M. M. McGowan,** for appellant.

**Alexander, J.,** delivered the opinion of the court.

Plaintiff was employed by defendant as a plasterer, and was furnished a scaffolding or platform on which to work. At the time of the injury sued for, plaintiff was engaged in plastering the walls of a room 7 x 9 feet, upon a scaffold constructed of planks 2 x 6 inches, placed crosswise upon two supports or "horses." This resulted in a platform six feet high, which covered the area of the room except for a space about ten inches along the north and south walls, and about eighteen inches along the east and west walls. Plaintiff was injured when the plank next to the north wall slipped off the support, causing him to be thrown to the floor. His injuries were serious, and the elements of damage sued for included $5,000 for personal injuries and resultant suffering, $1,070, loss of time, and $137.50, medical and doctors' bills.

The jury, under proper instructions, found the defendant liable and returned a verdict for $200. Plaintiff's motion for a new trial upon the ground of inadequate damages having been overruled, he appeals upon the ground that the verdict evinces passion and prejudice and should not be allowed to stand. There is no cross-appeal, and we must view the issue as to liability settled. There was no plea nor instruction setting up contributory negligence, but defendant asserts that under Chapman v. Powers, 150 Miss. 687, 116 So. 609, and Pounders v. Day, 151 Miss. 436, 118 So. 298, the jury were the sole and final judges of the extent to which the negligence of the plaintiff was a contributing factor, and that it will be assumed that their verdict represents a proper adjustment of responsibility under our comparative negligence statute, Code 1930, section 511. The trouble with this position is that there is no negligence shown on the part of the plaintiff. The platform and scaffolding were erected by defendant, and plaintiff was directed to use it. Whether the board was nailed to the trusses or was warped, or whether the platform met the requirements of the de-

fendant's duty to plaintiff, were resolved by the jury in their verdict. There is no evidence that the plaintiff was negligent in any way. It is in this respect that the case is outside the rule of the two cases above referred to. In Lee v. Reynolds, 190 Miss. 692, 1 So. (2d) 487, we held that an unjust appraisal of the degree to which a plaintiff's negligence contributed to the injury may in a proper case be a basis for reversal. It is clear that where there is no showing of contributory negligence, the question of the existence of passion or prejudice must be resolved by contrasting the uncontradicted showing of the entire damage with the amount of the verdict. Here the award was one-sixth of the actual damages, exclusive of pain and suffering.

Reversed and remanded upon the issue of damages alone.