## GILLIAM *v.* SYKES, et al.

Dec. 15, 1952

No. 38551 12 Adv. S. 21 61 So. 2d 672

*Sims & Sims,* for appellant.

56

*Roger C. Landrum* and *Snow & Covington,* for appellees.

HOLMES, J.

The appellant, as plaintiff below, brought this suit in the Circuit Court of Lowndes County against James Sykes and Evelyn Sykes as the alleged owners and operators of the Sykes Cabs, and against Jessie Lee Howard, to recover damages to his automobile and actual and punitive damages for personal injuries alleged to have been caused by the negligence of the defendants. The suit grows out of a collision of an automobile owned by the appellant, and driven at the time by the appellant, and a taxicab belonging to the Sykes Cabs, and driven at the time by Jessie Lee Howard as the servant, agent, and employee of the Sykes Cabs. Two separate suits were filed by the appellant, one for the recovery of damages to his automobile, and one for the recovery of actual and punitive damages for personal injuries, and both arising out of the same collision. By agreement of the parties, the two suits were consolidated and tried as one suit. A motion for a directed verdict as to the defendant, James Sykes, was sustained, since the evidence without dispute showed that Evelyn Sykes was the sole owner and operator of the Sykes Cabs and that the said James Sykes had no interest therein and no interest in, or control over, the taxicab involved, and no control of, or relationship with the driver thereof. At the conclusion of the evidence, the case was submitted to the jury under instructions which left to the jury the determination of the question of the negligence vel non of the respective parties and resulted in a verdict in favor of appellant for $648.29. Judgment was accordingly entered for the ap-

pellant and against the appellees, Evelyn Sykes and Jessie Lee Howard. From this judgment the appellant appeals. There is no direct or cross-appeal by the appellees.

The collision occurred about six miles west of Columbus on what is known as the old West Point public road, a county public road extending in an east and west direction, and hereinafter referred to as the main road. The road is a graveled road about 22 feet in width. At the place of collision the appellant owned farm land on either side of the road. A private or plantation road entered the main road from the south. On the occasion in question, the appellant was driving his automobile on the private road proceeding in a northerly direction, with a view of entering and turning east on the main road, and, according to the versions of the respective parties, had entered and turned east on his left hand side of the main road and was proceeding along his left hand side of said road, or had just entered and crossed to the north side of the center of said road, and was in the act of completing his turn east, when the collision occurred.

According to the testimony of the appellant and his witnesses, he had entered the main road and turned east thereon and was proceeding at a slow rate of speed and had travelled about 25 feet when the appellee, Jessie Lee Howard, driving the taxicab, approached him from the east travelling west at a rate of speed of about 75 miles per hour and on the wrong side of the road, and collided with his car, knocking it a distance of about 75 feet west and badly damaging the front thereof and inflicting personal injuries upon the appellant.

According to the testimony of Jessie Lee Howard and other witnesses for the appellees, Howard was driving west on the right hand side of the main road at a rate of speed of 35 or 40 miles per hour, and as he approached the intersection of the main road and the private road, the appellant drove into the main road and to the north side thereof, and was in the act of turning east in the path of the approaching taxicab when the driver of the

taxicab applied his brakes, but was unable to stop in time to avoid the collision.

The proof showed that the repair bill on appellant's automobile was $648.29. The appellant's proof as to his injuries showed that his knee, hip, and arm were injured and that he received a lick on his head and suffered several abrasions, and was hospitalized for four days and continued under the treatment of a doctor; that while he had previously suffered from arthritis, his condition was inactive, and the injuries received in the collision had activated his arthritic condition. The appellees offered proof to show that the appellant complained of no injuries immediately following the collision and that his arthritic condition had existed long prior to the collision.

No instruction was requested by either party seeking to authorize the jury to apply our comparative negligence statute (Sec. 1454, Code of 1942), which statute diminishes damages proportionate to the amount of negligence attributable to the person injured.

The sole contention of appellant is that the verdict is contrary to the evidence in that the jury's award was for the damages to appellant's automobile only and made no award to compensate the appellant for the personal injuries and medical expenses, and that as to these items the verdict is contrary to the evidence produced as to his personal injuries, and that the trial court erred in not sustaining his motion for a new trial, and that the cause should be reversed and a new trial granted on the issue of damages only.

It is readily observable that the testimony as to who was at fault in the collision was in violent conflict. Each of the drivers testified that the collision was solely caused by the negligence of the other. This would not, however, have rendered erroneous an instruction based on our comparative negligence statute, supra, had it been asked, nor would it preclude the jury from applying our comparative negligence statute. The jury was not required to accept in its entirety the theory of either party,

but it was the province of the jury to consider all of the testimony and the circumstances shown and to determine therefrom the negligence of the respective parties. Morrell Packing Company, et al. v. Branning, 155 Miss. 376, 124 So. 356. The jury would have been warranted in finding under the evidence that either driver was guilty of negligence solely causing the collision, or it was warranted in finding under the evidence that each was guilty of negligence proximately contributing to the collision. These were issues for the determination of the jury. ▉▉ The jury may have found that a large part of the negligence contributing to appellant's loss and injuries was attributable to his own negligence, and it may have applied our comparative negligence statute, supra, as it had the right to do, notwithstanding no instruction to this effect had been given by the court for either party. Chapman v. Powers, 150 Miss. 687, 116 So. 609; Pounders v. Day, 151 Miss. 436, 118 So. 298. ▉▉ It is true that the amount of the verdict corresponded exactly with the amount of the repair bill, but the jury's verdict was not designated as an award for damages to his automobile, but was a money award to compensate him for the damages he sustained. We must assume that the jury took into consideration all damages shown by the evidence to have been sustained by the appellant as a direct and proximate result of the collision, as it was authorized to do under the instructions of the court, but the jury could have found and may have found from the evidence that a large part of the negligence proximately contributing to appellant's loss and damages was his own negligence, and may have applied our comparative negligence statute, supra, in arriving at the amount of the verdict. We can not say from the verdict that the jury in arriving at the amount thereof did not take into consideration all damages shown by the evidence to have been sustained by the appellant, as well as the evidence as to the negligence of the respective parties, and then apply our comparative negligence statute in arriving at

the amount of the verdict. We must conclude that the amount of the verdict, even though it corresponded with the amount of the repair bill, was found by the jury to be a proper award under all of the evidence.

We are of the opinion, therefore, that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Alexander, Hall,* and *Kyle, JJ.,* concur.