CATCHOT *v.* CITY OF OCEAN SPRINGS, et al.

Oct. 26, 1953

No. 38888 40 Adv. S. 1 67 So. 2d 444

418

*Jules A. Schwan* and *Albert Sidney Johnson, Jr.,* Biloxi, for appellant.

*O. K. Wiesenburg,* Pascagoula, for appellees.

420

LOTTERHOS, J.

This suit arose out of a collision between two motor vehicles at a street intersection. Plaintiff and appellant, Catchot, was driving his 1940 Packard from west to east on Calhoun Street in the City of Ocean Springs. A Ford truck owned by the city was being driven from north to south on Washington Avenue. The collision occurred at about one o'clock P.M. on a clear day. There was a stop sign on Calhoun Street, about thirty feet west of the intersection. Washington Avenue was a through street. The testimony for the plaintiff was to the effect that as he approached Washington Avenue he stopped at the stop sign, then proceeded slowly to the intersection, looked in both directions, seeing no vehicle approaching, and proceeded carefully across the intersection; and that when he had proceeded to the east side of the intersection the city truck ran into his car, completely demolishing it and causing him to suffer personal injuries. On the other hand, the testimony for the defendants was to the effect that plaintiff failed to stop his car on approaching the intersection; that when the truck was about 50 feet from the intersection the driver observed the plaintiff's car proceeding easterly on Calhoun Street, and blew his horn and reduced his speed; that as the truck entered the intersection the plaintiff's car also entered from the west side and drove in front of the truck; and that the truck driver veered sharply to the left in an attempt to avoid the collision, but unavoidably struck the plaintiff's car.

There was a verdict and judgment for the plaintiff in the amount of $500. From this judgment the plaintiff appealed, claiming that the damages awarded were inadequate. The defendants filed a cross-appeal in which they contended that certain instructions were erroneously granted to the plaintiff and that the evidence did not support the verdict.

The plaintiff testified on damages that his car was a total loss, that the ceiling price thereon was $465, that his medical and hospital bills amounted to $45 or $50, and that he suffered certain personal injuries, which were temporary in character. Although no instruction was requested on comparative negligence, it is obvious from the record in this case that this was an instance in which the jury was justified in finding that negligence of the plaintiff contributed to his injury and, therefore, the jury was justified in reducing the full damages which the plaintiff may have suffered on account of such negligence on his part. This proposition is fully supported by Chapman v. Powers, 150 Miss. 687, 116 So. 609; Pounders v. Day, 151 Miss. 436, 118 So. 298, and Gilliam v. Sykes, 216 Miss. 54, 61 So. 2d 672. Furthermore, we are unable to say from the record before us that the jury was not justified in finding that $500 would amount to adequate compensation to the plaintiff for his loss and injury.

On cross-appeal, the main argument is directed to three instructions which were granted to the plaintiff. It is also contended that the defendant should have been allowed a peremptory instruction. Without quoting the three instructions, we find it sufficient to say that they instructed the jury on behalf of the plaintiff that if the jury believed that the plaintiff negligently entered the intersection, but that the defendant observed the action of the plaintiff, had an opportunity to avoid the accident, and nevertheless negligently ran into the plaintiff's car, then the jury should find for the plaintiff and assess his

damages at such sum as would compensate him for his injuries and damages. Several objections to these instructions are argued, but these criticisms of the instructions are not, in our opinion, meritorious. ■■■ It is our conclusion that the case was submitted to the jury under instructions which fairly advised them of the law of the case.

■■■ This is an instance of conflicting evidence with respect to the cause of an intersection accident, and it was for the jury to decide the issue. We conclude that the case should be affirmed both on direct and on cross-appeal.

Affirmed on direct and on cross-appeal.

*Roberds, P. J.,* and *Lee, Kyle,* and *Arrington, JJ.,* concur.