REGAN, Judge.
The plaintiff, Theodore A. Ferrand, Jr., the owner of a 1951 Chevrolet Sedan, instituted this suit against the defendants, Horace C. McCaskill, the owner, and his wife, Eva W. McCaskill, the operator of a 1955 Ford Sedan,, endeavoring to recover the sum of $163.77 representing property damage incurred by his automobile on October 18, 1955, at about 10:00 P.M., when his vehicle was injured while parked in Octavia Street.
Defendants answered and admitted liability for the damage thereof to the extent of $91.65 and deposited this amount in the Registry of the Court.
From a judgment in favor of plaintiff in the amount of $91.65, he has prosecuted this appeal.
*613 As related heretofore the defendants have admitted liability for the accident and, therefore, the only question posed for our consideration is one of fact, and that is whether plaintiff is entitled to recover the difference between $91.65 and $163.77 or the additional sum of $72.12.
Defendants, in their endeavor to resist the demands of plaintiff, rely on a verbal estimate of the damages in the amount of $91.65 made by Warren Bernadas, “an automobile repairman”, whom they had engaged to both evaluate the cost thereof and then repair the vehicle.
Plaintiff, on the other hand, in order to sustain his right to recover the full amount of $163.77 for repairing his Chevrolet automobile relies on the written bid of Fer-rand & Danigole, which was one of four written estimates received respectively from Mike Persia Chevrolet Co., Inc., $190.47; Bolton Chevrolet Company, Inc., $165.98; Dumas Chevrolet Company $154.98 and Ferrand & Danigole $163.77.
Defendants assert that they had offered to “place the machine in the same condition as it was before the accident” through the medium of Bernadas’ services for the sum of $91.65 and they insist that plaintiff must accept the services of this mechanic selected by them who had verbally agreed to do the work for the lowest price.
Plaintiff, on the other hand, in order to sustain his right to recover the sum of $163.77 for repairing his automobile, insists that he was not compelled to accept the verbal estimate of cost and services of a mechanic, unknown to him; that when the defendants refused to accept the bid of Fer-rand & Danigole, he offered them the opportunity of having his Chevrolet automobile repaired by any one of the aforementioned Chevrolet dealers and upon their rejection of this offer, he was then privileged to have the vehicle repaired by Fer-rand & Danigole.
It is our opinion that the plaintiff was not compelled to accept the services of Warren Bernadas, a mechanic selected by the defendants and whose capabilities as such were unknown to him. The facts of this case do not characterize the actions of the plaintiff as arbitrary, capricious or unreasonable in having his car repaired by Ferrand & Danigole, especially in view of the fact that the cost of effecting these repairs was only $8.79 more than the lowest bid which he had obtained from Dumas Chevrolet Company, and the actual cost of these repairs was comparable to the estimated cost made by the two other Chevrolet dealers.
In Croft v. Southern Hardwood Lumber Company, 7 La.App. 274, the court was confronted with somewhat similar facts. The defendant had examined the damage done to plaintiff’s car and estimated the cost thereof at $35 and then offered to repair the damage itself or to have it done by competent mechanics. Plaintiff refused this offer and the court expressed the opinion “the plaintiff was not bound to submit to either proposition. He had a right to make the repairs himself or to have them made by mechanics of his own choice.”
.We interpret an extension of the foregoing rationale to mean that the estimate which plaintiff ultimately accepts, made by a mechanic of his own choice, must be comparable to the other estimates secured by him, or in the absence thereof, the cost must be proven to be reasonable.
For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from the sum of $91.65 to the sum of $163.77, and, as thus amended, it is affirmed.
Amended and affirmed.