SCOVEL *v.* CITY OF PASCAGOULA

No. 40723          March 24, 1958          101 So. 2d 537

*Mize, Thompson & Mize,* Gulfport, for appellant.

*James H. Colmer,* Pascagoula, for appellee.

ETHRIDGE, J.

Appellant A. H. Scovel filed this suit in the Circuit Court of Jackson County against appellee City of Pascagoula. Appellant's evidence reflected that on September 4, 1953, while driving in his automobile on a street in Pascagoula, he ran over a hole in the pavement which had been negligently left there by the city after installing a sewer line to an adjacent home; that there were no barricades or warning signs placed at this hole in the street, and, as a result of the city's negligence in these respects, plaintiff's car was damaged so as to be worthless, and plaintiff's back was injured when the impact happened by throwing against him a lawn mower which he was carrying on the back seat of his car.

On the other hand, the evidence for the city indicated that there was only a slight depression of not more than two or three inches in the blacktop pavement as a result of a settling therein over a period of time; that the depression was so slight as to be negligible and could not have seriously injured plaintiff or his car, which was old; and that plaintiff had suffered in 1951 a ruptured disc in his back, and the claimed new injury was in the same place and of the same nature. The value of plaintiff's car was $175. It was undisputed that plaintiff received some personal injuries from the accident, although their extent and severity were in dispute. The jury returned a verdict for plaintiff for $175.

Appellant claims that the trial court erred in overruling his motion for a new trial because of insufficient damages alone; and that the case should be reversed and remanded only on the issue of damages, because those allowed were so inadequate as to evince bias, passion and prejudice by the jury.

It is evident that the jury found some negligence by the appellee city, and allowed appellant damages only for his automobile. Under a finding of negligence, the disallowance by the jury of any damages for personal injuries was arbitrary. Hence the verdict was so grossly inadequate as to evince passion and prejudice by the jury. Accordingly the case will be reversed and remanded for a new trial on the issue of damages alone. On the new trial both parties should have the right to present to the jury all of the circumstances and facts relevant to the accident, for the purpose of a proper appraisal of recoverable damages. Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d 160 (1954); Vascoe v. Ford, 212 Miss. 370, 54 So. 2d 541 (1951); Faulkner v. Middleton, 186 Miss. 355, 188 So. 565, 190 So. 910 (1939); Dixon v. Breland, 192 Miss. 335, 6 So. 2d 122 (1942).

Reversed and remanded on issues of damages only.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.