## McMahan *v.* Herring.

No. 41112          April 13, 1959          110 So. 2d 617

*W. I. Stone,* Coffeeville, for appellant.

*Marshall Perry,* Grenada, for appellee.

HALL, J.

Appellant brought suit against the appellee for damages on account of personal injuries sustained by him and also for damages to his automobile when it was struck by an automobile operated by appellee on Highway 51 at Grenada, Mississippi. Before the trial a motion for a bill of particulars was filed asking for detailed information as to the damage to the automobile as well as the personal injuries. On the hearing of this motion the court entered an order reciting that the plaintiff's attorney had stated in open court that he demands damages only for personal injuries and not for any damage to his automobile.

Notwithstanding the statement of counsel and the adjudication of the court that counsel had withdrawn all claim for damages to the automobile, counsel for appellant now argue that the automobile was broken all to pieces and that the judgment for $400 rendered in favor of the appellant was grossly inadequate. As to the damage for the automobile, apparently there was no damage whatever, or at least the damage, if any, was insignificant. The accident happened right in front of the Chevrolet Agency and no work was done on the automobile, and after the same was struck from the rear by the appellee the appellant drove it on home on its own power.

The lower court sustained the motion for a bill of particulars as to the personal injuries suffered by appellant, and at the trial the appellant introduced his own doctor who testified that he had made X-rays and and found no broken bones, and that the most he could

find was a complaint about an injury to his neck. The doctor said that he had some tightness of the muscles of the neck and that he had some damage to the muscles of the neck, but that his injury did not disable him and that he could not see why the plaintiff was disabled to any extent.

The appellant's brief is couched in general terms to the effect that the appellant was crushed and bruised and that the $400 award was about what the hospital and medical bill would amount to. The only hospital and medical bills proved by the appellant were $61.90 hospital bill for X-rays and drugs, and $25 doctor's bill which consisted merely of office visits.

■■ Appellant makes much over the fact that the police of Grenada investigated the accident in question and filed a charge against the appellee for driving while under the influence of intoxicants. We have no sympathy whatever for a man who will indulge in intoxicants and then drive an automobile, but that fact in the case at bar merely goes to the liability of appellee and not to the amount of damages. ■■ Considering the record as a whole, we do not think that the verdict for $400 is so inadequate as to shock the conscience, and it is our judgment that the cause should be affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.