MURRAY *v.* MURRAY, et al.

No. 41599        December 12, 1960        125 So. 2d 83

*Crisler, Crisler & Bowling,* Jackson; *Crawley & Ford,* Kosciusko, for appellant.

*Heidelberg, Woodliff, Castle & Franks,* Jackson, for appellee, Mrs. Jeanine Stone.

694

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellee, Mrs. Mantile S. Murray.

HALL, P. J.

This suit was brought by Mrs. Lula Murray against Mrs. Mantile S. Murray and Mrs. Jeanine Stone for the recovery of damages for a personal injury sustained by Mrs. Lula Murray in an automobile collision in the City of Jackson, Mississippi. The record shows that Jayne Avenue runs east and west and to a motorist the view of the street is unobstructed from a point 150 feet south of Claiborne Street to 150 feet west of Jayne Avenue. There is a stop sign on the southwest corner of Jayne and Claiborne visible from 200 to 250 feet. The City ordinance appearing in the record shows that all streets designated as a right-of-way street by signs at the intersection are in fact right-of-way streets, and requires any vehicle traveling thereon shall be brought to a full stop at the place where such street meets the prolongation of the nearest property line of such through street, subject to the direction of any traffic control sign or signal or any police officer at such intersection. The accident here in question was in a residence district and the city ordinance provides for a speed limit of 30 miles per hour therein.

Mrs. Jeanine Stone testified as an adverse witness and said that she now lives in Kosciusko but formerly lived in Jackson. She said that the street was wet and she was traveling north on Claiborne and that Mrs. Lula Murray was traveling east on Jayne, and that about 100 feet before she got to the intersection she saw the other car and that she was looking out for cars as she drove along, and she looked to the left and saw the Murray vehicle about 100 to 150 feet away and was driving then at about 12 miles per hour. She said that she did not stop or blow her horn, but could have stopped. She admitted that she knew Claiborne was a through street and knew there was a stop sign there and she said that the front of her car was ready to go into the intersection and she does not know where the Murray car was, except that it was back on Jayne Avenue. She said that she put on her brakes but it was too late

and that the Murray car ran into her, and struck her car on the left front fender and wound up about 15 feet up on Claiborne Street north of the intersection, and her car finally ended up about 10 feet to the east.

Mrs. Mantile Murray testified as an adverse witness and she said that she is a daughter-in-law of Mrs. Lula Murray, being married to her son Harold. She said that Mrs. Lula Murray was riding in the car with her and she asked her to go to the grocery store with her. She admitted that she did not see the stop sign and said that she did not see Mrs. Stone and did not look in her direction and drove on through the intersection without stopping.

Mrs. Lula Murray testified that she is 60 years of age and has 10 children, all living, she having been married on December 5, 1915. She said that on May 10, 1958, she was not living with her husband but was visiting with her son Harold Murray and his wife Mantile S. Murray, and on that day she went with Mrs. Mantile Murray to the grocery store and then started home. She said it was raining and she glanced up and saw a car going north on Claiborne. After the collision an ambulance came and carried her away. Later she went to Kosciusko, riding on the back seat in a car with her daughter, where she was put by her son and a friend of his. At Kosciusko she was attended by Dr. Paul Mink, who rushed her to the hospital and X-rayed her leg. She said that the cars hit in the middle of the intersection. Her hospital bill was $97.75, in addition to which she had to purchase new glasses, the old ones being broken, and also she expended $23.75 for drugs as well as a $4.00 ambulance fee.

Mrs. Katherine Ramage, a daughter of Mrs. Murray who lives in Kosciusko, testified that her mother was in bad shape and she went into a rather full description of the injuries which her mother sustained requiring her to be in the hospital about 10 days.

Mr. L. P. Different of Jackson testified that he was a patrolman with the Jackson Police Department and investigates accidents. He went to the scene about 5:30 P.M. on the day in question and said that the street was wet but he found debris and the two automobiles. Mrs. Mantile Murray's car was about 55 feet north of the intersection with the front end against a tree on the east side of Claiborne Street and Mrs. Stone's automobile was on the east side of Claiborne and the north side of Jayne, and that broken glass from the headlights was in the street near the center of the intersection. He said that a stop sign at the street required traffic on Jayne to stop before entering Claiborne, and that Mrs. Mantile Murray said that she did not see the stop sign. Mr. Different said that Mrs. Mantile Murray and Mrs. Lula Murray were both injured.

The jury return a verdict in the sum of $1,500 for the plaintiff against Mrs. Mantile Murray and for the defendant Mrs. Jeanine Stone, and judgment was entered accordingly. A motion for a new trial was filed, raising the question that the verdict was contrary to the overwhelming weight of the evidence and manifests passion, prejudice and bias on the part of the jury, and that the damages awarded to the plaintiff are so grossly inadequate under all pertinent testimony as to indicate bias and prejudice on the part of the jury. The motion was overruled by the court and hence this appeal.

Dr. Paul E. Mink testified that on May 19, 1958, he was called to the home of plaintiff's daughter, and plaintiff was complaining of pain and had been in an accident, and was quite agitated. He said that her chief complaints boiled down to pain in her right leg and right shoulder, and that she had a number of bruises over her body, but those were her main complaints. He said that she had a swelling over her right shoulder and that she had swelling and extreme tenderness over her right ankle, with pain when her foot was moved in any direction. On that day he sent her to the hospital

where she was made as comfortable as possible and an X-ray was taken of the right ankle, which showed a chipped fracture. The bone was cracked but it was not out of place, and this was on the inside of the ankle bone. The doctor said that efforts were made to reduce the swelling in order that a cast could be applied, and that this was done on May 23rd. The cast remained on her leg for 6 weeks and she remained in the hospital approximately one week, being discharged on May 26th. While she was in the hospital the doctor saw her twice daily. Then he saw her in his office on June 3, 17, July 5, 8, and 22, and August 17 and 23, when she was dismissed, still having some pain; and he saw her again on January 3, July 3 and 27, 1959. The doctor said that she had a noticeable limp, favoring the right ankle and had almost complete fixation, which means that the ankle would hardly move. And he said that the plaintiff had post-traumatic arthritis, being a stiffness which developed after the injury, accompanied by pain, which still continues at the time of the trial. He definitely testified that she has a permanent injury and that so far as he could tell it is going to be permanent and interferes with her work as a nurse for old people and for children.

After a consideration of the entire record in this case we are of the opinion that the verdict in favor of plaintiff is so grossly inadequate that it should be reversed and a new trial awarded to her.

Accordingly the judgment of the lower court is hereby reversed and the cause remanded for another trial.

Reversed and remanded.

*Lee, Arrington, Gillespie* and *McElroy, JJ.,* concur.

## ON MOTIONS TO CORRECT JUDGMENT

GILLESPIE, J.

The appellee, Mrs. Jeanine Stone, has filed a suggestion of error and a motion to correct judgment in both

of which she suggests that since the jury found for her in the lower court and this Court found no error as to that action, the order of remand should affirmatively show that the case was affirmed as to Mrs. Jeanine Stone and the new trial ordered should be against Mrs. Mantile S. Murray only.

The appellant, Mrs. Lula Murray, has also filed a motion to correct judgment in several alternatives and calls attention to the fact that the new trial ordered should be on the issue of damages only.

In response to all of these motions and the suggestion of error referred to, the judgment is modified to the extent that the case is affirmed as to Mrs. Jeanine Stone, and is also affirmed on the issue of liability as to Mrs. Mantile S. Murray, and is reversed and remanded for a new trial against Mrs. Mantile S. Murray on the issue of damages only.

Motions to correct judgment sustained in part and overruled in part.

*Hall, P.J.,* and *Lee, Arrington* and *McElroy, JJ.,* concur.