HERRINGTON *v.* HODGES

No. 42911 March 2, 1964 161 So. 2d 194

*Creekmore & Beacham,* Jackson, for appellant.

*Forrest B. Jackson,* Jackson, for appellee.

BRADY, TOM P., J.

This is an appeal by Mrs. Marjorie Herrington, formerly Mrs. Enzweiler, appellant herein, plaintiff and counterdefendant in the court below, from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, against Mrs. Flora Bell Hodges, appellee here and counterclaimant below, in the sum of $2,100 on account of injuries which appellant sustained while riding as a guest or joint-venturess in an automobile being driven by appellee which turned

over, causing the injuries complained of and hereinafter detailed.

The pertinent facts are briefly these: On the night of November 25, 1961, around 7:45 P.M., appellee, in her car, drove to appellant's home and appellant got into the car and together they rode around. They were the best of friends. After the proverbial two cans of beer, and more, which were imbibed by appellant and appellee, respectively, at places of refreshment and relaxation, the appellee brought the appellant back to her home in order that she might keep an appointment for nine o'clock with her beau. Appellee drove away and appellant left her three other children in the care of her sixteen year old son, and drove around with her beau, whom she subsequently married.

When appellant and her escort returned to her home about ten o'clock, she found the appellee, with shoes removed, lying on the sofa in the living room, either asleep or just awakened. It was agreed that appellee should return to her home where her husband was incapacitated with a broken leg. A little after ten o'clock, appellee left in her car, accompanied by appellant to go either to appellee's home or across the bridge into Rankin County for additional and stronger refreshments, which appellee testified were desired by the appellant. They were followed, in his car, by appellant's betrothed, who was the topic of their conversation, and it appears that he was persona non grata to appellee who declared him to be "a no good bum." Appellee testified that after she had thus characterized him, the appellant smote her upon the head with an empty Coca-Cola bottle which appellant had picked up from the floorboard of the car. Appellee contends that the blow on her head caused her to lose control of the car, which might well be the case, and the resulting wreck occurred. Appellant, however, denies she struck appellee, but claims that appellee lost control of the car, in spite of her

protestations to slow down, stop and let her out, solely because of the reckless and careless manner of driving, and because of the highly excessive speed at which appellee was operating the automobile.

Under either condition, as may well be anticipated, the car was wrecked. Both occupants of the car were injured, but we are concerned here with only the injuries sustained by appellant.

Aside from the expected bruises, contusions, abrasions, lacerations and concussion which appellant received when the automobile turned over and rolled to a stop, appellant suffered a communited fracture of the distal end of the left humerous. The fracture extended into the left elbow joint as the X-rays disclosed. Her arm was put in skeletal traction and she remained in bed in said traction for approximately four weeks. For two weeks thereafter the arm was placed in a cast, and then in a splint for an additional two weeks. Physical therapy was given for a month or six weeks. Appellant was subjected to the customary pain, suffering and inconvenience which the above-mentioned injury and treatment entailed.

Maximum recovery has been obtained and the appellant has lost permanently about twenty-five degrees of flection motion, and about forty-five degrees in extension motion, as compared to the other arm. Appellant also claims she is not able to do her customary housework without pain, or lift heavy objects, that she suffers pain periodically, some of which may be caused by traumatic arthritis, and is unable to work at a steady job. Her hospital bill for the five weeks confinement was $653.30; the therapy and other costs amounted to $124; her physician's bill was $350, totaling $1,127.30 in expenses. Prior to the wreck, appellant had worked intermittently, earning approximately $47 net per week.

The sole question presented on appeal is whether or not the verdict of $2,100 is so grossly inadequate under

all the facts of the case as to evince passion or prejudice on the part of the jury.

■■ ■ We have repeatedly held that a verdict of the jury should not be disturbed merely because it is against the preponderance of the evidence. It must be palpably against the great weight of the evidence in order to be set aside. Shelton v. Underwood, 174 Miss. 169, 163 So. 828; Flournoy v. Brown, 200 Miss. 171, 26 So. 2d 351. Furthermore, it must be so grossly inadequate as to either evince passion or prejudice on the part of the jury, or be due to an inadequate estimate of the total injuries suffered, or an unjust appraisal of the degree to which plaintiff's negligence, if any, contributed to such injuries. Appellant urges that the trial court erred in not granting a new trial because the damages awarded are so inadequate that the jury must have been influenced by believing that there was great contributory negligence on the part of appellant, and that the jury had no right under the proof to take into consideration the question of contributory negligence, because neither the pleadings, the evidence nor the instructions to the jury presented any issues of contributory negligence for its consideration. See authorities cited below.

We cannot agree with appellant's conclusions. The pleadings in this case squarely presented the issues of negligence which were substantiated by the evidence offered by both appellant and appellee.

The appellant by her declaration, and the appellee by her counterclaim, charged each other with committing those acts of negligence which each respectively claimed were the proximate cause of the wreck. It is immaterial here that contributory negligence, as such, was not specifically pled by the appellee, for the reason that the appellee's pleadings and proof went beyond contributory negligence and charged and proved negligence, which, if accepted by the jury, could constitute the sole and proximate cause of the wreck and resulting injuries,

and for the additional reason that the appellee did not request an instruction on contributory negligence.

We have repeatedly held that, in order for a defendant to avail himself of an instruction directing the jury to diminish any damages which may be due to a plaintiff, in proportion to the amount of contributory negligence attributable to plaintiff, he must plead and prove contributory negligence. Pounders v. Day, 151 Miss. 436, 118 So. 298; Gilliam v. Sykes, et al., 216 Miss. 54, 61 So. 2d 672; Chapman v. Powers, 150 Miss. 687, 116 So. 609; Catchot v. City of Ocean Springs, et al., 218 Miss. 417, 67 So. 2d 444.

We have not held that the requirements of §§ 1454-1455, Miss. Code of 1942, Rec., do not operate unless the pleadings, proof and proper instruction relating to contributory negligence are all present in a case.

Sections 1454-1455 of the Mississippi Code of 1942, Rec., provide as follows:

Section 1454: "In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property."

Section 1455: "All questions of negligence and contributory negligence shall be for the jury to determine."

This language is not ambiguous. It requires the jury to do what it calls for, namely, determine *all questions of negligence and contributory negligence* and diminish the plaintiff's damages (if any) in proportion to the amount of negligence attributable (if any) to the plaintiff. We cannot agree, as is earnestly urged by the appellant, that the verdict of the jury found the appellee

guilty of negligence and appellant not guilty of the claimed battery. To concur therein would be to catagorically hold that the verdict in favor of the appellant, per se eliminated any consideration by the jury of the appellant's negligent act in striking the appellee. The jury, moreover, could believe that the appellant did strike the appellee, and that this act did constitute one proximate cause of the wreck, and yet the jury could still find for the appellant — on the further belief that the reckless driving, and the excessive speed of the car being driven by the appellee, prevented the appellee from controlling the car — or stopping the same after being struck by the appellant. No one can determine precisely, or with any degree of absolute certainty, how a jury evaluated the respective elements of negligence developed in a case.

 The appellee herein did not ask for an instruction on contributory negligence, and if appellee had done so she would not have been entitled to obtain it because she had not specifically pled contributory negligence, though the proof shows contributory negligence sufficiently on the part of appellant for consideration by the jury. This is substantially what this Court has repeatedly held. Myrick v. Holifield, 240 Miss. 106, 126 So. 2d 508; Mobile & O.R.R. Company v. Campbell, 114 Miss. 803, 75 So. 554; Gulf & S.I.R. Company v. Saucier, 139 Miss. 497, 104 So. 180; Railway Express Agency, Inc. v. Mallory, 168 Fed. 2d 426; Moore v. Abdalla, 197 Miss. 125, 19 So. 2d 502; Illinois Cent. R. Company v. Handy, et al., 108 Miss. 421, 66 So. 783; McMurtry v. Louisville, New Orleans & Texas Ry. Co., 67 Miss. 601, 7 So. 401; Yazoo & M. V. RR. Co. v. Woodruff, 98 Miss. 36, 53 So. 687; Woodmansee v. Garrett, 247 Miss. 148, 153 So. 2d. 812.

 The refusal to grant the contributory negligence instruction to appellant in Myrick v. Holifield did not, as we expressly pointed out therein, deny the appellant

the benefit of the provisions of §§ 1454-1455 of the Miss. Code of 1942, Rec. We therefore hold that the appellee here was not deprived of the benefits afforded by the aforesaid §§ 1454-1455, even though he did not request an instruction on contributory negligence, for the reason that his pleading and proof established negligent acts on the part of the appellant, for consideration by the jury in reaching its verdict. ■■ ■ Of course, if the evidence of the appellee had failed to prove any attendant negligence on the part of the appellant, contributory or proximate, then the jury could not have properly reduced the plaintiff's damages because of the mandatory requirements of the aforesaid § 1454.

The verdict of the jury herein, therefore, cannot be construed to absolve the appellant from any and all negligence under the existing circumstances, any more than it can be considered to designate the excessive speed at which the appellee was operating the car as the sole, proximate cause of the wreck. We have held that there can be more than one proximate cause of an accident. United Gas Pipe Line Company v. Jones, 236 Miss. 471, 111 So. 2d 240.

■■■ ■ We have theretofore refused to invade the province of the Legislative branch of our state government. This Court cannot, and should not, by its decree, vitiate, and in fact nullify, said statutes 1454-1455 enacted by the Legislature. The proper procedure to modify or cancel the same would be by legislative enactment or repeal.

The jury had the right, which it evidently exercised, to diminish the damages to be given the appellant in proportion to the amount of contributory negligence which the jury felt was attributable to the appellant under appellee's counterclaim and proof in support thereof.

Though urged by appellant, the rule announced in Vaughan v. Bollis, 221 Miss. 589, 73 So. 2d 160, does

not have application here for the reason that the pleadings and proof herein cannot be classified to be within the category of the "incredible." The proof of the appellee as to the proximate cause of the wreck is not impossible, illogical or fantastic. The jury could have completely disbelieved the appellee's explanatory proof, and brought in a much larger verdict for the appellant, but it obviously believed that there was truth and merit in the contentions of the appellee, and reduced the verdict accordingly.

We are not unsympathetic toward the appellant, and we regret her injuries, which could have been avoided, but nevertheless we cannot agree that in spite of the degree of negligence which may properly be attributed to the appellant, that the verdict is so grossly inadequate as to evince prejudice, bias or passion on the part of the jury. Counsel for appellant cite numerous cases in their diligent effort to maintain their earnest contention that the verdict is grossly inadequate, but rely largely upon the facts and decisions in: Swartzfager v. Southern Bell Tel. & Tel. Company, 236 Miss. 322, 110 So. 2d 380; Lee v. Reynolds, 190 Miss. 692, 697, 1 So. 2d 487; Dixon v. Breland, 192 Miss. 335, 6 So. 2d 122; Vascoe v. Ford, 212 Miss. 370, 54 So. 2d 541; Scovel v. City of Pascagoula, 233 Miss. 198, 101 So. 2d 537; Murray v. Murray, 239 Miss. 691, 125 So. 2d 83.

While all of the cases are related to the question of inadequacy of damages, they are nevertheless clearly distinguishable from the case at bar upon the facts relating to the severity of the injury, earning power of the plaintiffs, or the amount of negligence properly attributable to the plaintiffs.

In each of the cases, either the injuries established are far greater, more serious, with either greater permanent disability, larger medical expenses, longer recuperative period, loss of higher earning power, and continued suffering and disfigurement and with other dis-

tinguishing elements than can be found to be present in the case at bar, clearly showing prejudice, bias or passion on the part of the juries therein; or the juries failed to properly diminish the damages to be awarded to the plaintiff in proportion to the contributory negligence properly attributable to the plaintiff.

 ██ After reviewing all the testimony in this case, briefs of counsel and the related authorities we hold that the verdict of the jury in this case is not so grossly inadequate as to evince bias, prejudice or passion on the part of the jury or that the jury improperly diminished the damages, due the appellant, in proportion to the contributory negligence properly attributable to the appellant, and the appellant's motion for a new trial as to damages only was properly overruled. Blanton v. Tri-State Transit Company of Louisiana, Inc., 194 Miss. 393, 12 So. 2d 429; McMahan v. Herring, 236 Miss. 442; 110 So. 2d 617; Rasberry v. Calhoun County, 230 Miss. 858, 91 So. 2d 612; Sullivan v. Gulf & S. I. R. Company, 131 Miss. 136, 95 So. 306; Kincade & Lofton v. Stephens (Miss.), 50 So. 2d 587.

The judgment of the circuit court is therefore affirmed.

Affirmed.

*Kyle, P. J., and Gillespie, McElroy and Patterson, JJ.,* concur.