GRIER *v.* THOMASSON

No. 43767          January 31, 1966          182 So. 2d 399

*H. T. Carter, Stone & McBryde,* Columbus, for appellants.

*Burgin & Gholson, Sams and Sams,* Columbus, for appellees.

494

Brady, Tom P., J.

Appellant, a minor, plaintiff below, by father and next friend, instituted suit for injuries received when he, while riding his bicycle, was struck by a "demonstrator" automobile owned by defendants below, Floyd W. Brown and J. Ralph Brown, an automobile copartnership, and being driven by appellee, salesman of the copartnership.

The appellant, approximately thirteen years old, attempted to cross, when heavily traveled, the four-way stop intersection of 18th Avenue, North and 7th Street in Columbus, Mississippi. The appellant rode his bicycle north and in front of the appellee's car, which had stopped and was then proceeding west when it struck the right rear of appellant's bicycle, knocking appellant into a ditch. The point of impact, which appellant disputed, was designated to be eighteen steps west of the northwest corner of the intersection.

The trial court granted a peremptory instruction for the defendants, Floyd W. Brown and J. Ralph Brown. The jury returned a verdict for the appellant in the sum of $7,500. Judgment for this amount was entered and appellant appeals.

There are but two issues involved in this cause, the first being whether or not the codefendants, Floyd W. Brown and J. Ralph Brown, copartners in the Buick-Cadillac automobile business in Columbus, were entitled to a peremptory instruction, and the second being whether or not the verdict of the jury is inadequate and evinces bias and prejudice on the part of the jury.

■■ With reference to the first question, the record wholly fails to disclose that there was any connection between the operation of the automobile by Thomasson and his employers. Thomasson was on a purely personal mission and was driving his maid to his home at the time he collided with the bicycle being operated by the appellant.

■■ This Court has repeatedly held that it is incumbent upon the claimant under the doctrine of *respondeat superior* to show that the employee was acting within the scope of his employment in order to hold the employer responsible for the negligence of the servant. This appellant wholly failed to do, and the lower court was correct in sustaining the motion of Floyd W. Brown and J. Ralph Brown for the peremptory instruction as to the copartnership which employed the appellee.

Insofar as the second contention is concerned, that the verdict of the jury is inadequate under the facts, we point out that it was for the jury to say whether or not the appellant was guilty of contributory negligence and to what degree.

■■ Under the facts in this case the jury was warranted in finding that the appellant was guilty of abundant contributory negligence. We are sympathetic with the appellant because of his injuries, but we cannot hold that the verdict of the jury is not proper under the evidence offered in this case. The right of the jury to estimate and fix the amount of contributory negligence and the amount of the verdict based thereon has been clearly determined. The questions of law involved in

this case are clearly settled, as shown by the following decisions and statutes: Winstead v. Hall, 251 Miss. 800, 171 So. 2d 354 (1965); Ramsey v. Price, 249 Miss. 192, 161 So. 2d 778 (1964); Herrington v. Hodges, 249 Miss. 131, 161 So. 2d 194 (1964); Whatley v. Delta Brokerage & Warehouse Co., 248 Miss. 416, 159 So. 2d 634 (1964); Gore v. Patrick, 246 Miss. 715, 150 So. 2d 169 (1963); Matheny v. Illinois Cent. R. R., 235 Miss. 173, 108 So. 2d 589 (1959); Thrash v. Jackson Auto Sales, Inc., 232 Miss. 845, 100 So. 2d 575 (1958); Morris v. Boleware, 228 Miss. 139, 87 So. 2d 246 (1956); City of Indianola v. Love, 227 Miss. 156, 85 So. 2d 812 (1956); Catchot v. City of Ocean Springs, 218 Miss. 417, 67 So. 2d 444 (1953); Lovett Motor Co. v. Walley, 217 Miss. 384, 64 So. 2d 370 (1953); Gilliam v. Sykes, 216 Miss. 54, 61 So. 2d 672 (1952); Pounders v. Day, 151 Miss. 436, 118 So. 298, 299, 300 (1928); Louisville, N. O. & T. Ry. v. Hirsch, 69 Miss. 126, 13 So. 244 (1891); Miss. Code Ann. §§ 1454, 1455 (1956).

For the foregoing reasons, the judgment of the lower court is affirmed.

Affirmed.

*Gillespie, P. J., and Jones, Inzer and Smith, JJ.,* concur.