PATTERSON, Justice:
This is an appeal by Dorothy Faye Gregory, plaintiff in the lower court, from a judgment of the Circuit Court of Jackson County in the sum of $200. She assigns as error the following:
1. The lower court erred in refusing to grant appellant a new trial on the question of damages.
2. The award by the jury in the lower court was so inadequate as to evince bias, passion and prejudice.
3. The jury failed and neglected to take into consideration certain elements of damage which the proof clearly showed the appellant had sustained.
On August 1, 1965, the appellant was riding in an automobile in company with David Patrick, the defendant, James Ehlers, and Brenda Whatley in the city of Pas-cagoula. The defendant Patrick, who was driving the automobile, and James Ehlers were on the front seat, and plaintiff and Brenda Whatley occupied the rear seat. The plaintiff requested to be driven by the home of her boyfriend. She gave directions to the driver as they proceeded in an easterly direction on U. S. Highway 90. Immediately prior to the accident she told the defendant that he would have to turn left, or north, onto Second Street. In making this turn the defendant’s automobile was struck by an oncoming automobile in the westbound traffic lane. The directions for the turn were made in the following language :
Q. And as you got up to Second Street, young lady, you told him “turn here,” didn’t you?
A. I said you will have to turn off after you pass Searstown, hut we weren’t past Searstown yet. He was fixing to turn off — they were fixing on the highway then to make the highway two way and they had places where you could turn off and he was going to turn off there, and I said, “Don’t — I don’t remember exactly what I said, I know I told him that you weren’t supposed to turn off there, and also that a car was coming.
Q. But you don’t remember exactly what you said?
A. Not exactly.
Q. Isn’t it true, young lady, that you told the young boy there to turn here, and he was turning there where you had told him to turn?
A. No.
Q. That isn’t right. Didn’t you tell him that, young lady, and isn’t it also true that you did not see this car going west, did you?
A. When we started to turn off, I saw the car coming and I screamed.
The plaintiff was injured as a result of the accident, necessitating her hospitalization for five days. Her most serious injury, a laceration over the right eye, required nine stitches, and she had numerous bruises and scratches including a bruised ankle. The hospital and medical fees were $201.15.
The defendant neither pleaded nor received an instruction on contributory negligence though he presently contends that the jury could have considered contributory negligence in arriving at their verdict. He urges the action of the plaintiff, in requesting him to turn left on Second Street, as contributory negligence. In support of this position the appellee cites the syllabus *468 in Roy v. Hammett Motors, 187 Miss. 362, 192 So. 570 (1940), which states:
Actual physical control of automobile at moment of injury caused by negligent operation thereof is not always determinative of legal liability to injured person for damages, but test is who had right of control at such time, which involves question in whose present interest or service actual control was being exercised.
But, as often happens, an examination of the case indicates that the point there before the court was the element of control retained by an automobile dealer who entrusted a motor vehicle into the hands of a prospective purchaser for demonstration purposes. The prospect in turn permitted his son to drive the automobile, and while so driving a collision occurred. The agent of the motor company was not in the vehicle at the time of the accident and so, in fact, the cited case is not analogous to the case at bar.
It is our opinion that the evidence failed to indicate any contributory negligence on the part of the plaintiff and that the verdict of the jury must be viewed as to its adequacy without diminishment by way of contributory negligence.
 The sum awarded is less than the medical and hospital expenses. The plaintiff’s injuries, though not grave, were doubtless accompanied by pain and suffering for which she is entitled to damages. It is clear that where there is no showing of contributory negligence the question of the existence of passion or prejudice must be resolved by contrasting the uncon-tradicted showing of the entire damage with the amount of the verdict. Dixon v. Breland, 192 Miss. 335, 6 So.2d 122 (1942). By indulging this contrast it is apparent that the verdict of the jury was less than the proven actual damages exclusive of pain and suffering.
We hold, therefore, that the verdict of the jury evinces bias, passion or prejudice and that the lower court erred in overruling the plaintiff’s motion for a new trial; and thus, the cause must be remanded for a new trial upon the question of damages alone.
Reversed and remanded upon the issue of damages alone.
ETHRIDGE, C. J., and INZER, SMITH, and ROBERTSON, JJ., concur.