RAMSEY, PLAINTIFF-APPELLANT *v.* PRICE, et al., DEFENDANTS-APPELLEES

No. 42934 March 16, 1964 161 So. 2d 778

*Holleman & Hurlbert, Bidwell Adam,* Gulfport; *Forrest B. Jackson,* Jackson, for appellant.

194

*Morse & Morse,* Gulfport, for appellee, Mrs. Arthur J. Rogers.

*Morse & Morse,* Gulfport, for appellee, J. C. Price.

GILLESPIE, J.

Appellant filed suit against J. C. Price and Mrs. Arthur Rogers. She contended that Price was driving the automobile at the time of his negligent collision with appellee under the direction and instruction of Mrs. Arthur Rogers, whose husband was the owner, and that Mrs. Rogers was liable under the doctrine of respondeat superior.

The accident occurred in the western half of the intersection of 23rd Avenue, which runs north and south in the City of Gulfport, and 22nd Avenue, which runs east and west. There are stop signs at the northwest and southeast corners of this intersection requiring traffic entering the intersection either from the north or south on 23rd Avenue to stop before entering. Appellant was driving a Pontiac automobile traveling west. Price was traveling south on 23rd Avenue. The front end of appellant's Pontiac collided with the Buick near the left rear door. The testimony is in sharp conflict. It is the contention of appellant and her witnesses that she entered the intersection in a careful manner after looking in both directions and traveling at a speed of less than thirty miles per hour and that as she was nearly through the intersection the Buick automobile approached from the north at a speed of about sixty miles an hour and skidded for a distance of seventy to eighty feet before it struck her and then skidded on some thirty feet more; that Price did not stop the Buick automobile as required by the stop sign. Price testified that he stopped at the intersection and looked to the east before entering the intersection at a slow rate of speed of about five miles per hour when he saw the Pontiac driven by appellant approaching from the east. He testified that he stepped on the gas to accelerate his car in an effort to get out of the path of appellant's Pontiac but she struck him near the left rear of his car.

The lower court granted a peremptory instruction for Mrs. Rogers on the ground that she was not liable for the actions of Price.

The undisputed facts with reference to the circumstances under which Price was driving the Rogers' automobile are as follows. On the morning before the afternoon when the accident occurred, the Standard Service Station operated by Mr. Torres had washed the Buick car at the instance of Mrs. Arthur Rogers. About twelve o'clock appellee Price, who was employed by Torres for a weekly salary to wash and grease automobiles, delivered the Buick car to McDaniels Refrigeration Service where Mrs. Rogers worked. She looked at the car and told Price that it had not been properly washed and would have to be done over. Sometime thereafter when Mrs. Rogers was off for lunch she drove by the Service Station and told Mr. Torres that her automobile would have to be washed again, and Mr. Torres instructed Price to get in Mrs. Rogers' car and bring it back for rewashing. Mrs. Rogers drove by her home, thence on to McDaniels Refrigeration Service where she turned the car over to Price. Price proceeded directly back to the service station for the purpose of rewashing the automobile and while thus driving the Buick the accident occurred.

██ ■ It is common practice for garage and service establishments engaged in repairing and servicing automobiles to send an employee to pick up automobiles and take them to the garage or service establishment where the work is done, then an employee of the service establishment returns the automobile to the owner. When the service establishment employee is in charge of the automobile, driving it to or from the service establishment for servicing, he is not the agent of the owner but of his employer, the service establishment. ■ Even if Mrs. Rogers instructed Price to return the automobile to Torres' service station such instruction does not make

her liable for his negligence while so operating the automobile. The service establishment as an independent contractor becomes the bailee of the automobile while it is being thus operated and serviced and is responsible for the negligence of its employee. The great majority of courts adhere to this rule. There is practically no authority to the contrary. Anno., 35 A.L.R. 2d 804. None of the cases relied upon by appellant control. Price was not a loaned employee of Mrs. Rogers. He was paid by Torres who had the ultimate right to control the manner in which Price performed his work for the customers of the service station. Cf. Luther McGill, Inc. v. Clark, 244 Miss. 707, 146 So. 2d 338, and Clark v. Luther McGill, Inc., 240 Miss. 509, 127 So. 2d 858. We hold that the court properly directed a verdict for Mrs. Rogers.

The other assignment of error is based on the proposition that the verdict of $1500 is so grossly inadequate as to evince bias and prejudice on the part of the jury. It is true that the damages in this case are inadequate, especially since the verdict is less than the amount of special damages sustained by appellant. However, we may not substitute our judgment for that of the jury in view of the fact that the jury was the sole judge of whether appellant was guilty of negligence contributing to the accident. Secs. 1454-55, Miss. Code 1942; Herrington v. Hodges, No. 42,911, decided March 2, 1964. The evidence was in sharp conflict and we are unable to say that appellant was free from contributory negligence.

Affirmed.

*Kyle, P. J., and McElroy, Rodgers and Brady, JJ.,* concur.