Ross *v.* LOUISVILLE & N. R. Co.

(Division B. May 16, 1938.)

[181 So. 133. No. 33204.]

Mize, Thompson & Mize, and Carl Marshall, all of Gulf-port, for appellant.

**Smith & Johnston**, of Mobile, Ala., for appellee.

Argued orally by **Robt. W. Thompson, Jr.,** for appellant, and by **Harry H. Smith,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

On the first appearance of this case at the bar of the trial court it was dismissed on demurrer; but, on appeal, we were of the opinion that the third count of the declaration was sufficient to take the case to the jury, and the judgment was reversed and the cause remanded. Ross v. Louisville & N. R. Co., 178 Miss. 69, 172 So. 752.

It will be seen from the cited opinion that, according to the allegations of the declaration, the asserted personal injury was caused by a collision of plaintiff, a flagman, riding on the rear outside of an express car, with an express truck, the said truck having been present and the collision therewith having occurred as the result of a dangerous system of operations by the express company and the railroad company as joint actors, and after promises and assurance by the railroad company of a discontinuance thereof.

On the trial on the merits three of the five witnesses, present at the time and place, testified that no such collision occurred—that no such injury happened. Plaintiff's corroborating witness was discredited on cross-examination to such an extent as perhaps to make his testimony hurtful rather than helpful to plaintiff's case, and plaintiff himself suffered seriously on the cross-examination. The record preponderates, therefore, in favor of the defendant railroad company that no such accident as alleged ever happened at all; or, to say the least of it, the verdict in favor of the defendant seems to be well supported by the evidence.

Appellant complains, however, that on the issue of liability the jury was misdirected, or rather was misled, by the three following instructions granted at the request of appellee, the defendant:

"A. The court instructs the jury that if you are reasonably satisfied from the evidence that the sole proximate cause of the plaintiff's injury, if he sustained one,

was the express truck backing into him, then you should find a verdict for the defendant.''

''B. The court instructs the jury that the Railroad Company is not in any way liable for the negligence of the employes of the express company.''

''E. The court instructs the jury that if you believe that the plaintiff was injured by an express truck backing into him but that this was not due to any fault on the part of the railroad company or its employes you should find a verdict for the defendant.''

The complaint of appellant against said instructions is that thereby the jury was authorized and invited to single out and act upon the isolated features, put forth by said three instructions, separate and apart from their pertinency as constituents of the combined and interconnected complete state of facts which went to fill up the law of the case in plaintiff's behalf, as declared in our former opinion. In other words, and more briefly, that they permitted a departure from the law of the case.

Had appellant on his part requested an instruction which informed the jury of the law of the case as laid down in our former opinion, the complaint which he now makes of defendant's said three instructions would perhaps have been well taken. But appellant himself obtained instructions which permitted and invited not only a departure from the law of the case, but permitted a departure from any and all law.

Appellant obtained two instructions, and only two, on the issue of liability, and omitting from them collateral features, not here material, these two instructions read as follows:

''If the jury believe from the evidence and the law as announced in the instructions of the Court, that the plaintiff was injured as a proximate result of negligence of the defendant railroad company, it is the duty of the jury to return a verdict for plaintiff.''

What negligence is referred to in that instruction, particular attention being here again called to the fact that

there were no other instructions by appellant on that subject? Is it the negligence charged in the declaration and of the factual character which the court held in its former opinion would be sufficient, if fully proved, to make out a case? If that state of case was not fully proved, or not satisfactorily proved, was it an invitation to the jury to find for plaintiff on some other theory of the facts which the jury might suppose to constitute negligence? What wider departure from the law of the case could be permitted or invited than by an instruction such as this which not only opens the field to any sort of negligence but as well to what the particular jury under its particular notions might deem to be negligence, although not such under the established law of the land?

It was upon the above-mentioned considerations that this court held such an instruction reversibly erroneous in McDonough Motor Express v. Spiers, 176 So. 723; but the point here is that the instruction not only permits but invites a departure from the law of the case, wherefore appellant is in no position to complain that appellee's instructions permit or invite such a departure. The rule is that a judgment will not be reversed for error in appellee's instructions when those given for appellant are subject to criticism on the same ground—embrace the same vice. 14 R. C. L., p. 815.

The other assignments have been examined and we find no reversible error.

Affirmed.