FRIZELL *v.* GUTHRIE, et al.

No. 39400 December 20, 1954 76 So. 2d 361

502.

*Charles W. Busby,* Jackson, for appellant.

*John S. Holmes,* Yazoo City, for appellees.

KYLE, J.

Charles T. Frizell, as plaintiff, recovered a judgment in the County Court of Yazoo County against Grady Guthrie and Lawrence Guthrie, defendants, for the sum

of $540.46 in an action for damages for injuries to the plaintiff's automobile. From that judgment the defendants prosecuted an appeal to the circuit court. In their assignment of errors in the circuit court, the defendants alleged that the judgment of the county court was contrary to the overwhelming weight of the evidence. The circuit court set aside the judgment of the county court and ordered a new trial. The case was then tried de novo before a jury in the circuit court, and a verdict was rendered in favor of the defendants and a judgment was entered accordingly. From that judgment the plaintiff has prosecuted this appeal.

The accident which resulted in the injury to the appellant's automobile occurred on April 28, 1949, at a point on State Highway No. 16 about two miles east of Yazoo City, when a large moving store truck owned by the appellee, Grady Guthrie, collided with the appellant's automobile, as the driver of the truck undertook to execute a left turn and enter a driveway leading up to Guthrie's Store, which was located on the north side of the highway. The appellant's automobile was badly damaged as a result of the collision, and the repair bill amounted to $465.71. The appellant also incurred an additional expense of $74.75 for the hire of another automobile for use by him during the 23 days that he was deprived of the use of his own car.

Only one point is argued by the appellant's attorney as ground for reversal on this appeal, and that is that the circuit court erred in setting aside the judgment of the county court and in granting a new trial before a jury in the circuit court.

The records of both trials are before us on this appeal.

The case was tried in the county court by the trial judge without a jury.

The evidence presented during the trial in the county court was substantially as follows:

The appellant testified that he was driving eastwardly in his automobile on State Highway No. 16 at a rate

of speed of 40 or 45 miles per hour; and that he saw the truck ahead of him as he rounded a curve about 600 feet west of the Guthrie store. The truck was proceeding eastwardly at a slower rate of speed in its proper lane of travel. The appellant blew his horn and undertook to pass the truck, and as he was about to pass the truck the driver of the truck, without giving any light or hand and arm signal, made a left turn toward the entrance into a graveled driveway in front of the store. The left end of the bumper and the left front fender of the truck struck the right side of the car, causing the rear end of the car to skid into a ditch or grader furrow; and as the appellant pulled the car back on the highway, the car plunged forward and ran eastwardly and southeastwardly across the road, and after striking two mail boxes came to rest against the road embankment on the south side of the road.

The appellant stated that the truck struck the car on the right side after the appellant had already started to pass; that the right door and fender extensions of the car, which was a 2-door 1947 model Buick, were badly damaged as a result of the impact; and that the front end of the car was also damaged when the car struck the two mail boxes on the south side of the road.

Jake Perkins, who was riding on the front seat of the car with the appellant at the time of the collision, testified that he saw the accident when it occurred; that he saw no tail light on the truck, and that, if the driver of the truck gave any signal indicating his intention to make a left-hand turn, he did not see it. Perkins stated that the appellant was driving about 35 or 40 miles per hour when he undertook to pass the truck; that the appellant sounded his horn before he started to pass the truck; and that there was ample room for him to pass at that time. Charlie Davis and Luther Davis testified that they were standing on the front porch of Guthrie's Store at the time of the accident; that they saw the truck and the automobile as they approached the point where the ac-

cident occurred; that the appellant blew his horn before attempting to pass the truck; and that they did not see the truck driver give any hand signal of any kind to indicate that he was about to make a left turn into the driveway in front of the store. Charlie Davis testified that the appellant appeared to be driving at a rate of speed of 35 or 40 miles per hour.

The appellee, Lawrence Guthrie, testified that he was the driver of the truck at the time the accident occurred; that as he approached the entrance to the driveway he rolled down the glass window of his truck, and gave an arm signal, and slowed down to about two miles an hour. He looked into his rear view mirror and saw the Buick car coming around the bend about 600 feet behind him. He stated that at the time the collision occurred the two front wheels of the truck were off the black top, and that the Buick car ran right into him, knocking his truck back out into the road. The brakes of the truck were torn loose, and the truck rolled down the highway until it came to a stop at a point about 150 or 160 feet east of the driveway entrance. Guthrie estimated that the Buick car was traveling at a rate of speed of 70 or 75 miles an hour at the time of the impact.

Emmett Guthrie, a nephew of Grady Guthrie, testified that he was on the front porch of the store when the wreck occurred, that he saw Lawrence Guthrie give an arm signal for a left turn when he was about 100 feet down the road from the entrance to the driveway, and that he kept his arm extended until he made the turn; that the truck was moving very slowly; that he saw the car dash around the bend, as the truck was turning in; and that the car hit the truck and knocked the truck back in the road. He testified that the car was running about 65 or 75 miles an hour.

It thus appears that there was a direct conflict in the testimony of the appellant and his witnesses and the testimony of Lawrence Guthrie and Emmett Guthrie. The conflict in the testimony created an issue of fact for

the county court to determine. The county court, in order to render the judgment it did render, necessarily found as a fact, that the driver of the truck was negligent in undertaking to make the left turn into the driveway under the circumstances testified to by the witnesses, and that the negligence of the driver of the truck was the proximate cause of the collision.

 The rule is well settled that a finding of fact by a trial judge, who tries a case without a jury, should not be disturbed on appeal unless the finding is manifestly wrong. Ellis v. S. Pellegrini, Inc., 163 Miss. 385, 141 So. 273; Magee Laundry and Cleaners v. Harwell Appliance Co., 184 Miss. 435, 185 So. 571; U. S. Fidelity & Guaranty Co. v. State for Use of Ward, 211 Miss. 864, 53 So. 2d 11; Seale-Lily Ice Cream Co. v. Buck, 195 Miss. 440, 15 So. 2d 213.

 We think that it cannot be said that the finding of the trial judge in this case was manifestly wrong. We think there was ample evidence to support that finding. The appellant testified that the driver of the truck failed to give the statutory signal required by Section 8192 of the Code of 1942 when he undertook to execute the left turn into the driveway; and the appellant's testimony on this point was corroborated by the testimony of three other witnesses who saw the accident. The trial judge had a right to believe, and apparently did believe, their testimony. The driver of the truck admitted that he saw through his rear view mirror that the appellant's car was approaching at a rapid rate of speed at the time he undertook to execute the left turn; and this testimony in itself indicated a lack of due care on the part of the driver of the truck in undertaking to make the left turn before the appellant's car had passed.

The appellees contend, however, that the appellant was guilty of contributory negligence in failing to have his automobile under proper control when he attempted to pass the truck, and that the county court erred in failing to reduce the amount of the appellant's damages on

account of such contributory negligence; and the appellees cite in support of this contention the cases of Gulf Refining Company et al. v. Brown, 196 Miss. 131, 16 So. 2d 765; and Moore v. Abdalla, 197 Miss. 125, 19 So. 2d 502. But the question of the appellant's contributory negligence was likewise a question for the county judge, sitting as both judge and jury, to determine. The county judge, in rendering the judgment that he did render, necessarily found that the appellant was not guilty of contributory negligence; and we think that it cannot be said that the decision of the county judge on that issue was manifestly wrong.

■■■ The appellees also contend that the appellant's action in undertaking to pass the truck at the point of intersection of the driveway leading up to Guthrie's Store constituted a violation of Section 8185(b), Mississippi Code of 1942, which provides as follows:

"(b) No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:
"* * * *

"2. When approaching within one hundred feet of any bridge, viaduct, or tunnel or when approaching within one hundred feet of or traversing any intersection or railroad grade crossing."

But that section has no application to the facts in this case. ■■■ The word "intersection" as defined in Section 8138 of the Code of 1942 applies only to the area embraced within the curb lines or "lateral boundary lines of the roadways of two highways which join one another * * * ." There is no proof in the record to show that the driveway leading up to Guthrie's Store was a highway within the meaning of the statute.

■■■ Finally, the appellees contend that the damages recovered by the appellant in the county court were not shown with such reasonable certainty, both as to their nature and in respect to the cause from which they pro-

ceeded, as to support the judgment rendered in the appellant's favor. But we think there is no merit in this contention. The appellant himself testified that the car was in good condition immediately prior to the accident and that the repairs made on the car after the accident were for injuries resulting from the accident. The witness, Herbert Terry, who was service manager for the Yazoo Motor Company, examined the car after the accident and issued the repair order for the repairs which were made on the car; and Terry testified that the rates charged for the several items were fair and reasonable and in conformity with the prevailing market prices in the local area. He also testified that the repairs made were necessary to put the car back in the condition it was in prior to the accident.

 Since the decision of the county judge on the facts is supported by the testimony, the judgment of the circuit court must be reversed and the judgment of the county court reinstated and affirmed.

 Section 1616, Code of 1942, relating to appeals from the county court provides that, "If no prejudicial error be found the matter shall be affirmed and judgment or decree entered in the same manner and against the like parties and with like penalties as is provided in affirmances in the supreme court." Under Section 1971, Code of 1942, the Supreme Court, when affirming a money judgment of the trial court, renders a judgment against the appellant for damages at the rate of five per cent on the amount of the judgment and costs. Such a judgment should have been rendered by the circuit court, and must be the judgment here.

Section 1616, Code of 1942, also provides that "When the result of an appeal in the supreme court shall be a reversal of the lower court and in all material particulars in effect an affirmance of the judgment or decree of the county court, the mandate may go direct to the county court, otherwise to the proper lower court."

██ The judgment rendered here being ''in all material particulars in effect an affirmance of the judgment of the county court,'' the mandate will be issued direct to that court. Ellis v. S. Pellegrini, Inc., supra.

Reversed and judgment rendered here for the appellant.

Reversed and judgment rendered for appellant.

*McGehee, C. J.,* and *Roberds, Lee* and *Ethridge, JJ.,* concur.