MATHENY *v.* ILLINOIS CENTRAL RAILROAD COMPANY, et al.

No. 40967          February 2, 1959          108 So. 2d 589

*Henley, Jones & Henley,* Hazlehurst; *Heidelberg, Woodliff, Castle & Franks,* Jackson, for appellant.

*Byrd, Wise & Smith,* Jackson, for appellee.

178

ETHRIDGE, J.

Appellee railroad's freight train collided with a fire truck driven by Curtis Matheny, while he was answering a fire alarm in a city fire truck. The collision occurred at a crossing in the City of Columbia, Marion County, Mississippi, Matheny was killed, and this action was brought in the Circuit Court of Copiah County by appellant as the widow of the deceased, for herself and for the benefit of their two minor children, under the wrongful death statute. Miss. Code 1942, Sec. 1453. The jury returned a verdict for plaintiff-appellant in the amount of $10,000. Defendants do not appeal. Mrs. Matheny, as appellant, argues that the case should be reversed and remanded on the issue of damages alone; they were so grossly inadequate as to demonstrate bias and prejudice on the part of the jury; and several instructions granted appellees were erroneous and so prejudicial to appellant that they affected the amount of the verdict awarded her.

We have considered carefully the record and the briefs. The jury found that the railroad was negligent. But the undisputed testimony reflects, and the jury evidently concluded, that Matheny was negligent in driving upon the railroad right-of-way without slowing down, or even looking up the track until he was within a few feet of it, and in attempting to cross it at a fast rate of speed. Plaintiff submitted to the jury a comparative negligence instruction. Undoubtedly the negligence of Matheny explains the amount of the verdict. The jury had

the right to weigh the respective negligence of the parties, and did so.

After careful consideration of the instructions, separately and in their entirety, we have concluded that there is no reversible error in them, in view of the facts developed in the record and found by the jury, and the judgment of the circuit court. Hence Rule 11 of this Court is in point: "No judgment shall be reversed on the ground of misdirection to the jury, . . . unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice."

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.