GORE *v.* PATRICK, et al.

No. 42541          February 25, 1963          150 So. 2d 169

*Gore & Gore, R. G. Nichols, Jr.,* Jackson, for appellant.

*Watkins & Eager, Lipscomb & Barksdale,* Jackson, for appellees.

GILLESPIE, J.

The appellant, Dr. Albert L. Gore, was the plaintiff below, and the appellees, Houston Patrick and his employer, Capitol Tobacco and Specialty Company, Inc., were the defendants below. Appellant sued appellees for personal injuries arising out of an automobile collision. The case was tried and the jury rendered a verdict of $5,000 in favor of plaintiff. Judgment was entered accordingly and the plaintiff appealed to this Court.

Appellant was traveling west on Highway 18 between Jackson and Raymond. Following appellant was a large truck; following the truck was the appellee Patrick driving an automobile; and another car was following Patrick. All four vehicles were traveling about 40 to 45 miles per hour in the west bound lane on said Highway 18. Patrick was waiting for a favorable place to pass the large truck. When he reached the crest of a hill he could see that the road was clear of traffic for about one-half mile ahead of him. He signalled to the car behind that he was going to pass the truck, blew his horn, increased his speed to about 55 miles an hour, and turned into his left lane in order to pass the truck. When Patrick got along side the truck he saw appellant's

Volkswagen ahead of the truck, and after he had observed two blinks of the left turn light on the Volkswagen, it turned sharply to the left toward the entrance to a road leading off to the south. Patrick applied his brakes but was unable to stop and struck the side of the Volkswagen, knocking it a considerable distance into the ditch on the south side of the highway. Appellant was thrown out of the Volkswagen and seriously injured.

The main conflict in the testimony was between the testimony of appellee Patrick and appellant. According to Patrick's testimony, the appellant cut at a sharp angle immediately in front of the Patrick automobile, rendering it impossible to avoid a collision. According to appellant, he made a gradual turn to the left. Appellant did not contend that he made any special effort to determine whether any vehicles were following the large truck which was behind him. He admitted that his primary concern was the truck which he concluded was far enough behind him so as not to interfere with his left turn. There was some conflict with reference to whether appellant gave a left turn signal at a reasonable distance before he reached the place he was to turn off the highway. He stated he had his left turn signals on for a reasonable distance. This is disputed by the truck driver who says he did not see the signal. Patrick states he saw the signal, but only two blinks immediately before appellant made his left turn.

Appellant assigns as error the action of the lower court in refusing plaintiff's instruction No. 6, which, in effect, told the jury that the defendant Patrick was negligent if he attempted to pass plaintiff's vehicle within one hundred feet of an intersection.

The intersection into which appellant was turning when struck by Patrick's automobile is a road leading south from Highway 18. It does not go north from the highway. It is a public road, but is not marked by the highway as an intersection. In that area the other in-

tersections are marked by appropriate signs. The appellee Patrick testified that he traveled that highway regularly and had never noticed the Gore-Diffley Road, which is the name of the side road where the collision took place. The road extends south .04 miles south and leads to two houses. It formerly connected to the Siwell Road but part is now unusued because the bridges are out of repaid.

(Hn 1) Sec. 8185, Miss. Code 1942, makes it unlawful to overtake and pass another vehicle by driving to the left side when approaching within one hundred feet of any intersection. (Hn 2) When the proof is sufficient, it is proper to instruct that the violation of this statute is negligence. Clark v. Mask, 232 Miss. 65, 98 So. 2d 467. But a driveway leading off a highway to a store is not such an intersection contemplated in the statute. Frizell v. Guthrie, 222 Miss. 501, 76 So. 2d 361. The roadway leading off to the south from Highway 18 known as the Gore-Diffley road is neither a private driveway such as that involved in *Guthrie,* nor an intersecting road marked as an intersection such as involved in *Mask.* The instruction complained of did not attempt to define an intersection and did not present to the jury a factual issue whether the entrance of the Gore-Diffley road is an intersection.

(Hn 3) The reasons for the statute prohibiting overtaking and passing a vehicle at or near an intersection is obvious, but the legislature must be presumed to have intended a sensible restriction on highway traffic. Statutes must be given a sensible construction so as to be practical or workable. Teche Lines v. Danforth, 195 Miss. 226, 12 So. 2d 784. We are of the opinion that an intersection that is not marked by signs and which would not be observed by a reasonably careful operator of a motor vehicle is not an intersection within the meaning of the statute. Any other interpretation of the statute would not be sensible, nor would it be practical

to obey. It would not be reasonable to require a motorist to observe this statute in respect to intersections which are not marked by signs or observable by the operator of a vehicle in the exercise of reasonable care. **(Hn 4)** We hold that the court was not in error in refusing said instruction.

Appellant assigns as error the granting of the following instruction at the request of appellees:

''The court instructs the defendants that even if you should find from a preponderance of the evidence in this case that the defendants were guilty of negligence which contributed to the plaintiff's injuries, and you must believe from a preponderance of the evidence that the defendants were guilty of negligence which contributed to the plaintiff's injuries before the plaintiff is entitled to recover anything, then if you further believe from the evidence that the plaintiff was guilty of any negligence which contributed in any manner to the collision then you will reduce the damages which you would otherwise award in such proportion as the negligence attributable to the plaintiff bears to the entire negligence involved.''

**(Hn 5)** Appellant contends that the giving of this instruction was erroneous for the reason there was no evidence that appellant was guilty of contributory negligence and that it failed to furnish the jury any guide to follow in determining whether appellant was guilty of contributory negligence and that it failed to furnish the jury any guide to follow in determining whether appellant was guilty of negligence. We are of the opinion that there is no merit in the first contention. The jury was justified in finding that appellant was guilty of negligence in not exercising reasonable care in making a left turn and that he made the turn when he knew, or should have known, that it could not be made with reasonable safety. The jury was also justified in finding that appellant failed to give a signal of his in-

tention to make the left turn for a reasonable distance. Sec. 8192, Miss. Code 1942.

(Hn 6) We are of the opinion that the granting of this instruction was clearly erroneous. It failed to tell the jury what facts would constitute negligence on the part of appellant. It allowed the jury to determine questions of law as well as questions of fact. As stated in one of our former cases, it simply turned the jury loose to grope in the darkness without any light to guide them as to what would or would not be negligence. Such instruction has been condemned by this Court in many cases. Rawlings, et al v. Royals, 214 Miss. 335, 58 So. 2d 820; Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541, 8 A.L.R. 2d 854; McDonough Motor Express, Inc. v. Spiers, 180 Miss. 78, 176 So. 723, 177 So. 655; Southern Railway Co. v. Ganong, 99 Miss. 540, 55 So. 355; Baldwin v. McKay, 41 Miss. 358; Young v. Power, 41 Miss. 197; Yazoo & M.V.R.R. Co. v. Cornelius, 131 Miss. 37, 95 So. 90; New Orleans & N.E.R.R. Co. v. Miles, 197 Miss. 846, 20 So. 2d 657; Hines v. McCullers, 121 Miss. 666, 83 So. 734; Graham v. Brummett, 182 Miss. 580, 181 So. 721; Ross v. Louisville & N. R.R. Co., 181 Miss. 795, 181 So. 133; Yazoo & M.V.R.R. Co. v. Aultman, 179 Miss. 109, 173 So. 280.

All of the above cited cases involve instructions granted at the request of the plaintiff concerning the negligence of the defendant. However, there is just as much reason to apply the rule against the granting of a roving instruction when it is requested by the defendant concerning the negligence of the plaintiff under the comparative negligence statute, and this Court has so held. Stevenson v. Robinson (Miss.), 37 So. 2d 568. In every case, however, where a roving instruction has been granted it has been held harmless error where other instructions correctly informed the jury what facts constitute negligence. Rawlings v. Royals, supra. In the case at bar, another instruction adequately informed the jury

what facts would constitute negligence on the part of the plaintiff. The instructions must be read as a whole and when this is done the jury could not be misled. We hold that the error in this case is harmless.

Appellant also assigns as error the refusal of the court to grant a peremptory instruction for the appellant on the question of liability. Since the jury found for appellant on the issue of liability, this question is moot. Nevertheless, in our opinion, the Court properly presented the question of the negligence of Patrick to the jury.

(Hn 7) Appellant assigns as error the action of the lower court in overruling appellant's motion for a new trial on the ground that the verdict of the jury was so inadequate as to evince prejudice on the part of the jury. The court is of the opinion that if the issue of contributory negligence had not been present the damages were so inadequate as to require a reversal on that ground. Therefore, we consider it unnecessary to state in detail the facts concerning appellant's injuries. The issue of contributory negligence was clearly one for the jury and it could have found that appellant's negligence was equal to or greater than that of appellee Patrick. Under Section 1455, Miss. Code of 1942, which provides that all questions of negligence and contributory negligence shall be for the jury to determine, and under the recent case of Matheny v. I.C.R.R. Co., 235 Miss. 173, 108 So. 2d 589, this Court would not be justified in reversing this case on the ground that the damages are inadequate.

We have carefully considered the other assignments of error and are of the opinion that there is no reversible error. The case should be, and it is, affirmed.

Affirmed.

*Lee, P. J., and Arrington, Ethridge and McElroy, JJ.,* concur.