LeBaugh *v.* Pugh

No. 43781 February 7, 1966 182 So. 2d 599

*W. H. Jolly*, Columbus, for appellant.

*Martin & Brown,* Macon, for appellee.

ETHRIDGE, C. J.

M. M. LeBaugh brought this action in the Circuit Court of Noxubee County against Jack J. Pugh, Jr., appellee, seeking damages for personal injuries and damages to plaintiff's automobile when it collided with defendant's truck. The jury returned a verdict for Pugh, and this appeal is from a judgment based on it.

There was sufficient evidence for the jury to find that the sole, proximate cause of the accident was the negligence of LeBaugh in driving his automobile at an excessive rate of speed, and failing to keep a lookout and to keep his car under control. LeBaugh's automobile was proceeding south behind Pugh's truck. The latter turned left into a private road leading to a pasture. The rear wheels of the truck were off on the east side of the pavement when LeBaugh's automobile hit them. Plaintiff testified that defendant did not give a left turn signal. Defendant asserted that he did. Before the impact plaintiff's car skidded 62 feet, and after that 45 feet. Apparently plaintiff was trying to pass. The truck was a heavy vehicle, yet plaintiff's car knocked it 40 to 50 feet. Plaintiff testified that he was going 40 miles per hour. A highway patrolman stated that plain-

tiff said he was traveling 50 to 55 miles per hour in a 60 mile zone. However, the distance of the skid marks, and the length the truck was knocked by the lighter automobile would justify a jury finding of excessive speed under all of the circumstances.

 █ Pugh obtained an instruction to the general effect that the driver of a following automobile must yield the right of way to the leading automobile traveling in the same direction after the driver of the latter gives the proper signal to turn left, etc. Although this instruction could have been drawn more precisely, when it is read along with instructions numbers 2 and 3 given plaintiff, there was no error. Cf. Miss. Code Ann. §§ 8185, 8192 (1956). Sohio Petroleum Co. v. Fowler, 231 Miss. 72, 94 So. 2d 350 (1957), and Frizzell v. Guthrie, 222 Miss. 501, 76 So. 2d 361 (1954), dealt with different circumstances, including different jury verdicts on the original hearings, and do not control.

 █ The defendant, Pugh, Jr., was driving his father's truck. There was no reversible error in permitting defendant's counsel to cross-examine LeBaugh as to whether he had paid Pugh, Sr., for damages to his truck. LeBaugh stated that he did not pay the damages, but he supposed it was the "Farm Bureau." On redirect, LeBaugh said that no judgment was ever obtained against him by Pugh, Sr. Under the circumstances, we do not have to determine here whether a payment made by the present plaintiff was privileged when offered as an implied admission of liability. See McCormick, Evidence § 251 at 541 (1954); Annot., 20 A.L.R. 2d 304 (1951). Plaintiff denied that any judgment was obtained against him and denied that he paid Pugh, Sr. Hence the error in the admission of this evidence, if any, was harmless.

Affirmed.

*Gillespie, Rodgers, Jones and Robertson, JJ.,* concur.