GILLESPIE, Presiding Justice:
This is an appeal from a judgment of the Circuit Court of Simpson County in a personal injury suit. The plaintiff-appellant was injured in an automobile collision, and the jury awarded him $2,500 damages. Plaintiff-appellant seeks a reversal and remand for trial on the issue of damages only. We hold that the trial court erred in granting defendant-appellee two instructions on contributory negligence because (1) there was no more than a scintilla of evidence that plaintiff was guilty of contributory negligence, and (2) the instructions failed to furnish the jury any guide as to what acts or omissions would constitute contributory negligence on the part of plaintiff-appellant. We also hold that the damages awarded plaintiff-appellant are grossly inadequate.
Plaintiff-appellant was driving a Volkswagen east on Highway 28 in Smith County. The highway is paved and has two lanes of traffic, one for eastbound traffic, and one for westbound traffic. The accident occurred in front of Dallas Sullivan’s store, which is on the south side of the highway. The apron or area between the store and the highway is gravelled, and a gravel road runs south along the west side of the Sullivan store. Elzie Wilson, driving west, arrived in front of the Sullivan Store about the time plaintiff-appellant approached from the west. Wilson stopped ■his pickup truck in the westbound lane to wait for plaintiff-appellant to pass before he (Wilson) turned south on the gravelled road that runs south along the west side of Sullivan’s store. Plaintiff-appellant slowed his vehicle to about 55 miles an hour as he approached Sullivan’s store, and blew his horn as he passed the Wilson pickup truck. Defendant-appellee arrived from the east driving a Chevrolet about this time and undertook to turn to his left so as to stop in front of Sullivan’s store. He turned left directly across plaintiff-appellant’s lane of traffic and the two vehicles collided. The front of plaintiff-appellant’s Volkswagen collided with the front of defendant-appellee’s Chevrolet. The force of the blow pushed the front part of the Chevrolet toward the left, indicating the cars did not hit directly head-on.
The trial court peremptorily instructed the jury to find for the plaintiff-appellant on the question of liability, and there is no cross appeal attacking the validity of this instruction.
The plaintiff-appellant assigns as error the granting of two instructions requested by defendant-appellee submitting to the jury the question of contributory negligence and instructing the jury to consider such contributory negligence, if any, in awarding damages. It is argued that there was no evidence that plaintiff-appellant was guilty of negligence proximately contributing to the collision. We agree. Plaintiff-appellant testified that he reduced his speed to about 55 miles per hour before reaching the Sullivan store. The speed limit was 65 miles per hour. Plaintiff-appellant suffered a loss of memory from injuries sustained in the accident and does not recall anything after reducing his speed as he approached Sullivan’s store. The only proof that plaintiff-appellant was guilty of excessive speed was the testimony of defendant-appellee who testified that he did not see the Volkswagen until, “it was right ready to hit me.” He was then asked, “Did you observe the speed that he was going?” Answer, “Well, it was coming like lightening.”
*729 There is no other evidence that plaintiff-appellant was driving at an excessive speed. In our opinion the testimony of defendant-appellee is no more than a bare scintilla that plaintiff-appellant was driving at an excessive speed. When weighed in the scales of ordinary human experience and observation, the statement that the Volkswagen was “coming like lightening,” based only on a fleeting glimpse, is unworthy of being accepted as substantial proof that the Volkswagen was travelling at an excessive speed. This Court said in Yazoo & M. V. R. Co. v. Lamensdorf, 180 Miss. 426, 177 So. SO (1937), sug. of error, overruled, 180 Miss. 449, 178 So. 80 (1938).
The scintilla of evidence rule has been discarded in nearly all jurisdictions, and is not recognized in this state; but verdicts must be based upon substantial evidence and that evidence must be reasonably believable. Whatever a jury here or there might chance to believe, we must require that the evidence upon which they act must be within state-wide legal standards, and one of these, as said, is that the evidence must be substantial and must be reasonably believable. Common experience and observation among all sensible men, who are impartial and without interest upon the issue, can lead to but one reasonable or substantial conclusion in respect to estimates of short periods of time, especially when that estimate, formed in a period of excitement, is in terms of seconds. So it is that all must agree with what the law books say on that subject: ‘Estimates of the duration of short periods of time into which much experience is crowded are notoriously inexact and are apt to be excessive, especially if the mind was in a state of anxiety or expectation, and a witness who assumes to measure time with accuracy under such circumstances discredits himself.’ (180 Miss, at 450, 178 So. at 80, 81).
What is said in Lamensdorf as to estimates of short periods of time is applicable to defendant-appellee’s estimate of speed.
The record fails to reveal any substantial evidence of any negligence on the part of plaintiff-appellant. No instruction on contributory negligence should have been given.
The two instructions on contributory negligence given upon the request of defendant-appellee are as follows:
The Court instructs the jury for the Defendant, that although the Court has instructed you to find for the Plaintiff, yet, you the Jury are the sole judges as to the amount of your verdict and in considering the amount to which the plaintiff is entitled, you may take into consideration all the other instruction of the Court as to the negligence, if any, of the plaintiff.
The Court instructs the Jury for the Defendant that,, if you believe from a preponderance of the evidence that the Plaintiff was guilty of negligence, if any, that contributed to the collision and the resulting damages, if any, to the Plaintiff, then such contributory negligence, if any, of the Plaintiff should be considered in awarding damages, if any, to the plaintiff.
The giving of these instructions was error. The jury was not told what facts would constitute negligence on the part of plaintiff-appellant. The jury was allowed to determine for themselves what facts would amount to negligence. This was tantamount to allowing the jury to decide questions of law. No other instruction cured this error. In Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963), we held that there is just as much reason to apply the rule against giving a roving instruction on the issue of contributory negligence as there is when such instruction is requested by the plaintiff.
*730 Finally, the appellant assigns as error that the trial court erred in not sustaining plaintiff-appellant’s motion for a new trial because the damages awarded were so inadequate as to' evince passion and bias on the part of the jury. With this we agree. A brief statement of the facts concerning the injury is sufficient to demonstrate that this assignment is well taken.
Appellant was taken by ambulance to a hospital in Magee and from there to a hospital in Jackson. On the evening of the day of the injury, surgery was performed. He was in extreme pain and shock, had lost a great deal of blood, both bones of his lower right leg were broken, his thigh bone was protruding through a visible wound, his right elbow was broken and he had multiple cuts over the elbow joint. His left hip was dislocated, the socket having been driven through the pelvis; he was injured in the chest; three of the ribs overlying the heart were broken, and the electrocardia-gram showed he had bruised heart muscles. He received internal injuries as evidenced by blood in the urine. When he came out from under the anesthetic he was in extreme pain and suffered a great deal for a long period of time. He was in traction for 59 days in the Baptist Hospital in Jackson, during all of which time he received shots for pain. He continued to see an ■orthopedic surgeon from October 31, 1966, when he left the hospital, until January 16, 1967, when the cast was removed from Tiis right leg.
About a week later, he entered the Veterans Administration Hospital in Jackson for physical therapy to restore motion to ■the injured joints and redevelop the strength in the muscles. In August 1967 he entered St. Dominic’s Hospital, where he underwent surgery on his right knee, and remained there for twelve days, after which time he was readmitted to the Veterans Administration Hospital, in a further attempt to rehabilitate his knee and hip. He is still a patient at the Veterans Administration Hospital, but is allowed to go home on passes. He has traumatic arthritis arising from the injury which involves the right knee and left hip, and he has pain when he stands or walks any distance or engages in any activity that creates additional weight on his hip or legs. At the time of the trial he has still taking medication for pain.
Prior to his injury plaintiff-appellant was a supervisor at Mississippi Products Industries, in charge of about 25 to 30 men on an assembly line. This job required that he stay on his feet at all times. He has lost a great deal of the use of his right knee and his left hip. He now has a seventy-five percent impairment of the right knee and of the left hip.
He is not yet able to return to his work and whether he will be able to do so in the future depends on further surgical procedures. The orthopedic surgeon plans an operation on the hip to restore motion and reduce pain. This will require the use of a steel cup. His physician estimates that after appellant reaches maximum medical recovery he will still have a permanent impairment of forty to fifty percent of his body as a whole. At the time of injury, plaintiff-appellant was 36 years old and had a life expectancy of 35.78 years. He had incurred doctor’s bills of $935; hospital bills of $3,642.60; ambulance bills of $190; and has lost $5,400 in wages at the time of the trial. His automobile, valued at $1,300 to $1,400 was totally destroyed in the collision. His actual damages not including pain and suffering, to the date of trial, amounted to $11,517.60.
In view of the fact that the jury could not reduce the damages because the evidence was insufficient to justify a finding of contributory negligence, we are of the opinion that the jury verdict was grossly inadequate and against the great weight of the evidence, and that the case should be *731 remanded for trial on the issue of damages only.
Affirmed on liability; reversed and remanded for trial on the issue of damages only.
RODGERS, JONES, BRADY and SMITH, JJ., concur.