GILLESPIE, Presiding Justice.
Coleman, plaintiff in the Circuit Court of Lowndes County and appellant here, sued both Goswick, in whose truck he was a passenger, and Mrs. Ward, with whose vehicle Goswick’s truck collided, injuring plaintiff. The jury returned a verdict in favor of both defendants. Plaintiff appealed; before the case was briefed in this Court a settlement was reached between plaintiff and Mrs. Ward and the appeal was dismissed as to her.
*732 The evidence justified the jury in finding that as Goswick was passing Mrs. Ward’s vehicle, Mrs. Ward suddenly and without warning or signal attempted to turn left onto a gravelled side road known as Officers’ Lake Road and which only runs west from the north-south paved highway upon which the involved vehicles were traveling. In so doing her vehicle crossed directly in front of Goswick’s pickup truck resulting in the collision in which plaintiff was injured.
Coleman maintains that he was entitled to a peremptory instruction on the issue of Goswick’s negligence based on the proposition that Goswick violated Mississippi Code 1942 Annotated, Section 8185 (1956) which prohibits a motorist from driving on the left side of the highway when approaching within one hundred feet of “any intersection” and, thus, was negligent as a matter of law. This T intersection is unmarked and, according to the overwhelming weight of the evidence, it is difficult to see the entrance to Officers’ Lake Road when traveling on the paved highway.
This Court said in Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963) the following :
We are of the opinion that an intersection that is not marked by signs and which would not be observed by a reasonable careful operator of a motor vehicle is not an intersection within the meaning of the statute. Any other interpretation of the statute would not be sensible nor, would it be practical to obey. It would not be reasonable to require a motorist to observe this statute in respect to intersections which are not marked by signs or observable by the operator of a vehicle in the exercise of reasonable care. (246 Miss. at 721, 722, 150 So.2d 171).
Since the Gore case is controlling, plaintiff’s argument that Goswick was guilty of negligence as a matter of law is without merit. Moreover, this issue was presented to the jury by instructions 'most favorable to plaintiff.
The verdict was in accord with the overwhelming weight of the evidence including plaintiff’s own testimony.
Affirmed.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.