255 So.2d 317 (1971)
Ida CARR
v.
Dr. Roy L. COX.
No. 46437.
Supreme Court of Mississippi.
December 6, 1971.
Crawley & Ford, Kosciusko, Carter & Carter, Columbus, for appellant.
Stone & Graham, Columbus, for appellee.
GILLESPIE, Chief Justice:
Ida Carr (plaintiff) sued Dr. Roy L. Cox (defendant) for property damages and personal injuries sustained when defendant's automobile struck the rear of plaintiff's vehicle. The jury returned a verdict for plaintiff for $2500. Plaintiff filed a "motion for new trial on the issue of damages only" on the ground that the verdict was so inadequate that it showed bias and prejudice on the part of the jury. The motion was overruled, judgment was entered accordingly, and plaintiff appealed.
This Court agrees that the damages are inadequate and no doubt would reverse but for the question of contributory negligence. Defendant's answer alleged that plaintiff attempted to discipline children who were riding in the back seat of her car and in so doing suddenly stopped her vehicle in the highway.
The plaintiff's testimony concerning liability was as follows: Plaintiff was driving a 1966 Ford automobile south on the Natchez Trace. Five small children were on the back seat. Her speed was thirty-five miles per hour. She heard a sound, looked in the rear view mirror and saw nothing. In a few seconds she was struck in the rear. Her car was moving when struck. The weather was fair; the pavement was dry.
Defendant's testimony was as follows: He was driving his Dodge car south on the Natchez Trace at a speed of about fifty *318 miles per hour. He was gradually overtaking the plaintiff's car. When he was four or five car lengths from plaintiff's car, the plaintiff stopped in the highway without giving any signal. He applied his brakes as quickly as he could and turned to his right, but his left front struck the left rear of plaintiff's car. Plaintiff was physically disciplining the children immediately after the accident.
The park ranger, who appeared shortly after the accident, testified that defendant laid down 69 feet of skid marks, and plaintiff's vehicle was 54 feet south of the point of impact. Defendant's car traveled 69.5 feet after the impact. He said plaintiff told him she had slowed down to say something to the children on the rear seat.
Plaintiff was given emergency treatment by her physician and x-rayed at the hospital after the accident, then released. She returned for physical therapy on four occasions within a week of the accident and thereafter went to the hospital on five or six occasions over a period of a year for x-rays and laboratory work. Plaintiff's injuries included contusion of the chest, whiplash of the neck, and lumbosacral strain. She has a pre-existing osteoarthritic condition which was aggravated by the wreck. Plaintiff testified she suffered, and continues to suffer, a great deal of pain. Plaintiff further testified that the last time she sought medication for her injuries was six or eight weeks before the trial, which was more than three years after the accident. Her physician testified she was ten percent permanently injured. Plaintiff offered proof of special damages as follows: car damage, $1,388; hospital bill, $164; physician's bill, $250; drugs, $64; car rental $550; lost wages, $224; or a total of $2,640.
Although the jury was not given an instruction on contributory negligence, the jury was justified in reducing the plaintiff's damages in proportion to the amount of negligence attributable to her. Catchot v. City of Ocean Springs, 218 Miss. 417, 67 So.2d 444 (1953). The jury was justified in finding that plaintiff stopped her automobile in the traveled portion of the highway without warning or signal and that her negligence contributed to the collision.[1] The otherwise inadequate verdict was justified under the comparative negligence statute. Matheny v. Illinois Central R.R. Co., 235 Miss. 173, 108 So.2d 589 (1959).
Affirmed.
BRADY, PATTERSON, SMITH and SUGG, JJ., concur.
NOTES
[1] Mississippi Code 1942 Annotated section 8192(c) (1957) prohibits stopping or suddenly decreasing speed without first giving appropriate signal. Section 8215 prohibits stopping upon the traveled portion of a highway.