WALKER, Presiding Justice,
dissenting:
I dissent from the holding of the majority for the same reasons stated in my dissent in Gray v. State, 427 So.2d 1363 (1983, and not *701 yet reported), which construed Mississippi Code Annotated section 97-3-7, our aggravated assault statute, to apply in cases of culpable negligence arising out of an automobile accident.
I further dissent because the instructions granted the State include no guidelines as to what facts would constitute culpable negligence, if found by the jury to exist beyond a reasonable doubt.
We have condemned similar instructions in civil cases involving simple negligence numerous times for the reason that they leave the jury to “grope in the dark” as to what constitutes negligence and that such an instruction gives the jury impermissible unlimited discretion. Trainer v. Gibson, 360 So.2d 1226 (Miss.1978); Jones v. Craft, 218 So.2d 727 (Miss.1969); Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963).
Proper instructions are vastly more important in criminal cases, where an accused’s freedom and entire future is at stake, than in a civil case. In my opinion, the majority is taking a narrow and shortsighted view of the devastating result that this decision and the Gray decision will have upon a lot of good law-abiding citizens of this State, young and old.
BOWLING, J., joins this dissent.