571 So.2d 926 (1990)
Kenneth STEWART
v.
John L. DAVIS and Cliff Rogers.
No. 07-CA-59127.
Supreme Court of Mississippi.
November 28, 1990.
*927 Robert S. Murphree, Jackson, for appellant.
William M. Dalehite, Jr., Philip W. Gaines, Steen Reynolds Dalehite & Currie, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
ROBERTSON, Justice, for the court:

I.
The core question in this personal injury action is how we may know whether a road is a public way such that the traveling public may of right use it or, in contrast, whether it is merely a private driveway. What turns on the point is whether the particular road's conjunction with U.S. Highway 98 is in law an intersection such that the law imposes upon approaching motorists certain duties. Beyond that there is the question whether the jury's verdict favoring the defendant truck driver is within the evidence. For the reasons presently presented, we affirm.

II.
In the early morning hours on November 13, 1984  at about 4:45 a.m.  with sunrise well over an hour away, John L. Davis, age 19, was driving an eighteen wheeler laden with 113 head of cattle in a westerly direction on Highway 98 some three miles west of Tylertown in Walthall County, Mississippi. The night was clear, the road straight, and there were no obstructions to vision. Davis saw a slower moving automobile ahead of him also traveling west, and he pulled out to pass when suddenly the car ahead, driven by Kenneth Stewart, also 19, turned left/south in front of Davis, and Davis' truck struck the left rear side of Stewart's car. Stewart had made no left turn signal and acknowledges that the automatic directional signal on his car was inoperative. Davis, who at the time was acting on behalf of his employer, Cliff Rogers, simply says he had no earthly idea the car ahead was about to turn left in front of him.
At the point in question Highway 98 is an east-west, two-lane road approximately 22 feet wide. The highway is straight and flat and is asphalt surfaced. The center of the road is marked by a single line of painted yellow dashes in the manner familiar to Mississippi's motorists. From the south, a road joins the highway. The road's surface is a blend of old "blacktop," gravel and dirt. The witnesses call it Old Mesa Road and it forms a T conjunction with Highway 98.
The road leads southerly from Highway 98 to an old sawmill witnesses call the Pallet Plant and then swings around to the left/east and meets another road which runs in front of the United Electric Assembly Plant. Further to the east the road intersects a more substantial north/south Industrial Park Drive upon which one could turn left and head north and shortly return to Highway 98. A motorist approaching from the east destined for the United Electric Plant could easily accomplish his journey by turning left on Industrial Park Road and then right into the plant entranceway.
*928 Our central motion surrounds the legal status of Old Mesa Road. No stop sign appears in the southeast quadrant of its conjunction with Highway 98, although the highway is clearly the dominant way. Our motorists are accustomed to seeing diamond-shaped yellow signs with a black sideways "T" as they approach intersections and, as well, they have come to expect solid yellow "no passing" lines for a certain distance either side of an intersection. No such "T" sign nor yellow lines appeared as one approached Old Mesa Road on November 13, 1984, nor was there any blinking yellow or red traffic light. Public road maintenance authorities had, however, placed on the right hand or northern side of Highway 98, approximately half-way between Industrial Drive and Old Mesa Road, a diamond shaped yellow-backed road sign containing the words "Plant Entrance."
No evidence reflects the legal status of either way  Highway 98 or Old Mesa Road  although there can be no doubt that Highway 98 may be traveled by the public as of right. Old Mesa Road is quite another matter as we will note below.
In the darkness of the early morning hours of November 13, plaintiff Stewart was on his way to work at the United Electric Assembly Plant. As he approached from the east, he could have turned left/south on Industrial Park Drive but chose not to. He proceeded a bit further westerly and turned onto Old Mesa Road and was struck in the rear by Davis' truck. As noted, Stewart concedes he gave no left turn signal and says he simply did not see Davis approaching from his rear, and whether this was due to inattention or the fact that Davis' truck had already pulled out to pass and was in the "blind spot" we may never know. Stewart says his brake lights were working. Davis says he never saw any brake lights go on and, in view of the jury's verdict, we, of course, must resolve all factual conflicts in Davis' favor.
In any event, Stewart suffered personal injuries in the accident and on August 13, 1985, brought a civil action in the Circuit Court of Walthall County, Mississippi, charging Davis with negligence and alleging further that Davis' employer, Cliff Rogers, who is based in Centreville, Mississippi, was vicariously liable for the damages Stewart suffered. The matter proceeded with deliberate speed. At trial a central issue was whether the Court should instruct the jury in Stewart's favor that Davis was illegally passing at an intersection and thus was negligent as a matter of law. The Circuit Court denied the instruction on the grounds that Old Mesa Road was a private driveway, in consequence of which its conjunction with Highway 98 was not an "intersection" giving rise to the rules Stewart pleaded. In the end, the case was submitted to the jury which found for Davis and, of course, for Rogers.
Stewart now appeals to this Court.

III.
Stewart argues that the Circuit Court erred when it refused to instruct the jury that the accident occurred within what in law is an "intersection" and that Davis was in violation of law by attempting to pass within 100 feet of the intersection. Stewart relies upon the legislative declaration that
... no vehicle shall in overtaking and passing another vehicle or at any other time, be driven on the left side of the roadway under the following conditions: ...
(c) When approaching within 100 feet of or traversing an intersection... .
Miss. Code Ann. § 63-3-611(2) (1972). If the conjunction of Old Mesa Road and Highway 98 is an "intersection," Stewart is right. Stewart hangs his hat on the "Plant Entrance" sign. He says the sign's presence makes the conjunction of Highway 98 and Old Mesa Road an "intersection." He is off the mark.
Whether this conjunction is an intersection brings us to another statutory definition. An "intersection" requires the conjunction of "two highways," Miss. Code Ann. § 63-3-129 (1972), and is
... the entire width between property lines of every way or place of whatever nature when any part thereof is open to *929 the use of the public, as a matter of right, for purposes of vehicular traffic.
Miss. Code Ann. § 63-3-125(a) (1972) [emphasis supplied]. By way of contrast, a mere "driveway" has been defined as
... every way or place in private ownership and used for vehicular traffic by the owner and those having express or implied permission from the owner but not by other persons.
Miss. Code Ann. § 63-3-125(e) (1972).
At trial Stewart sought to expand the rule via a reverse spin on language in Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963).
We are of the opinion that an intersection that is not marked by signs and which would not be observed by a reasonably careful operator of a motor vehicle is not an intersection within the meaning of the statute.
150 So.2d at 171; see also, Rayborn v. Freeman, 209 So.2d 193, 199 (Miss. 1968). All of this may be so, but a moment's thought makes clear that the converse is not. The fact the conjunction of Old Mesa Road and Highway 98 may have been marked by a "Plant Entrance" sign does not make it an "intersection" unless Sections 63-3-125(a), 63-3-129, and 63-3-611(2)(c) have been satisfied, and the same of the fact that the conjunction may have been observable by a reasonably careful operator. In reality we know that we confront an either/or. Either Old Mesa Road was a "highway" on November 13, 1985, or it was not. It could not have been both, nor in reality could there be doubt which it was. Every lawsuit contains such either/or's, and we have trials because our abilities to perceive reality are less than perfect, nor do we always agree what we see.
Plaintiff Stewart, of course, had the burden of establishing that Old Mesa Road was a "highway." Stewart was the party who sought to rely on that fact as an element of his claim and thus bore the burden of producing evidence that Old Mesa Road was a public way and of persuading the trier of fact that he was correct in this. See Frizell v. Guthrie, 222 Miss. 501, 76 So.2d 361 (1954). This is a function of the universal view that in a civil action the party asserting a claim bears the burden with respect to each element of his claim. See, e.g., R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1020 (Miss. 1990); Matter of Estate of Ford, 552 So.2d 1065, 1067 (Miss. 1989).
The Circuit Court decided that Old Mesa Road was a private driveway and has presented us another basic: that the Court may make this decision and take it from the jury only where the evidence is so clear that, having in mind the applicable burden of proof, reasonable minds could not differ. See, e.g., Hill v. Dunaway, 487 So.2d 807, 809 (Miss. 1986).
Without question there are many roads in this state no one would doubt are open to the public as of right. Such roads are "highways" within the statute, and the point is so clear that it may be judicially noted. See Rule 201 Miss.R.Ev.; Enroth v. Memorial Hospital at Gulfport, 566 So.2d 202 (Miss. 1990). For example, that Highway 98 is a "highway" is within any court's judicial knowledge and the same for many other public ways. Were the status of a way such as Highway 98 at issue, a party could satisfy his burdens of production and persuasion via judicial notice alone, in the unlikely event counsel opposite should challenge the status of the way. Though our rule fully provides procedural safeguards regarding judicial notice, see Rule 201(e); Enroth, supra, we are confident that practical minded counsel will not unnecessarily litigate matters not susceptible to reasonable doubt.
The evidentiary facts are clear and beyond dispute. Old Mesa Road leads from Highway 98 southerly to the old sawmill owned by Pallet, Inc. As it swings to the left/east, one can travel in front of the United Electric Plant. The westerly road from Industrial Park Drive leading to the United Electric Plant was once a separate driveway which over time has, through usage, come to be connected with Old Mesa Road to create a through route, although nothing turns on the point. The parties do *930 argue regarding the surfacing of Old Mesa Road as indicated above. The photographs in evidence reflect it a conglomerate of old blacktop, gravel and dirt, and again no point of law turns on this.
Where the status of a roadway is at issue, proof may be by any means having any tendency to establish the fact or its absence. See Rule 401, Miss.R.Ev.; Independent Life & Accident Insurance Company v. Peavy, 528 So.2d 1112, 1120 (Miss. 1988); Mississippi State Highway Commission v. Dixie Contractors, Inc., 375 So.2d 1202, 1205 (Miss. 1979). For example, Stewart could have shown, if it be the fact, that the Old Mesa Road had been publicly dedicated and accepted by the board of supervisors (and/or the appropriate maintenance authority). He certainly could have shown that the road had become public via a common law process. See McNeely v. Jacks, 526 So.2d 541, 544 (Miss. 1988). After-the-fact circumstantial and conclusory evidence may have been admissible. A party may establish that a road such as that at issue is a highway by showing that the state highway department has so marked it with signs or striping or traffic control signals, for we presume that such authorities follow the law in such matters, albeit rebuttably so. We have held that a public safety officer familiar with the scene and its status may give an opinion that the road is a "highway" and that its conjunction with another highway is an "intersection." See Clark v. Mask, 232 Miss. 65, 98 So.2d 467, 471 (1957).
The record before us is silent regarding pre-public dedication proof. Nothing before us suggests any public authority has taken any action which might declare Old Mesa Road a public way and thus a "highway," nor is there evidence of maintenance or use which might establish the fact. The record is similarly silent regarding the actions, if any, of the record title holders regarding public dedication or the granting of any easement or right-of-way.
Similarly, the record is without after-the-fact evidence of the status of Old Mesa Road. There is no stop sign or yield sign nor any other marker controlling vehicular traffic that might travel north on Old Mesa Road approaching Highway 98 whereupon it would have to turn either right or left. The highway department has placed no T intersection symbol on the approach to Old Mesa Road from either the east or the west, nor has the highway department provided the familiar solid yellow no passing striping on either approach. No traffic signals, cautionary or controlling, appear. No highway patrolman testified that the point of junction is an intersection as in Clark v. Mask.
In the end, all Stewart has to rely on are, first, the "Plant Entrance" sign on the right hand side of the road on Highway 98's westerly approach to Old Mesa Road and, second, the loose testimony regarding usage by United Electric employees. Stewart indeed relies heavily on the sign, and there can be no doubt that this is a cautionary sign Davis was obligated to heed. In point of fact the Court granted an instruction embodying this notion and telling the jury that the "Plant Entrance" sign was one of the facts it should consider in deciding whether Davis was acting with reasonable care for the safety of others immediately prior to the accident.[1] On the other *931 hand, the "Plant Entrance" sign per se provides us no clue whether Old Mesa Road is a public road that the public may use of right. If anything, it implies the plant entrance to the facilities of Pallet, Inc. and ultimately Universal Electric are private driveways subject only to permissive use. More precisely nothing in the law requires the highway department or any public authority to ascertain the legal status of the roadway comprising an entrance to facilities like these before posting a "plant entrance" sign. On the point at issue the plant entrance sign is probative of nothing.
On the question of usage, Stewart fails as well. He offered no testimony other than that workers at the two plants regularly used Old Mesa Road which is wholly consistent with permissive use of a private driveway.
The record is without evidence upon which reasonable jurors may have found that Old Mesa Road was a highway within Section 63-3-125(a). From this it follows that record is without evidence that the conjunction of Old Mesa Road with Highway 98 was an intersection within Section 63-3-611(2)(c). The Circuit Court correctly refused Plaintiff Stewart's proffered Jury Instruction No. P7A or any reasonable revision thereof. See Byrd v. McGill, 478 So.2d 302, 305 (Miss. 1985).

IV.
Stewart complains that the Circuit Court declined to submit to the Jury Instruction P-8[2]  a comparative negligence instruction  which he had requested. In point of fact, the Court did grant a comparative negligence instruction submitted by Stewart.[3] The point acquires importance in the context of Instruction D-12 which told the jury that Stewart was negligent as a matter of law by reason of the fact that he turned left from Highway 98 without giving a signal of his intention to turn, a ruling Stewart does not challenge on appeal.
It is familiar ground that the Circuit Court is not required to submit duplicative or redundant instructions to the jury. Instruction P-11 and D-12 fairly advised the *932 jury of Mississippi's comparative negligence rule and of its implications for the case at bar. By reason of that instruction we find no error in the Court's refusal to submit a second comparative negligence instruction. See, e.g., Mississippi Farm Bureau Mutual Insurance Co. v. Todd, 492 So.2d 919, 934 (Miss. 1986); Allen v. Blanks, 384 So.2d 63, 65 (Miss. 1980).

V.
Finally, Stewart argues that "the verdict was against the overwhelming weight of the evidence." The effect of this argument is that he is urging the Circuit Court committed error when it denied his motion for a new trial. Our rules and scope of review of such points are familiar. See, e.g., Kitchens v. Mississippi Insurance Guaranty Association, 560 So.2d 129, 132 (Miss. 1989). Suffice it to say that the evidence in this case, viewed as we must view it in the present procedural context, is more than sufficient to establish that on the morning in question John L. Davis was driving the cattle truck owned by his employer, Cliff Rogers, in a westerly direction on Highway 98, that he had his vehicle under reasonable and proper control, that he approached a slow-moving vehicle in the same lane of travel, and that at a time when it appeared reasonably safe for him to do so, he pulled into the left lane to pass the vehicle ahead of him, when Stewart suddenly and without warning turned to the left in front of Davis, causing the accident. Under these circumstances, a classic jury issue was presented. The jury having resolved the issue against Stewart, and the Circuit Court having refused Stewart's motion for a new trial, we may only affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] The Court submitted to the jury Instruction No. P9A which reads:

The Court instructs the jury that the defendant John L. Davis was under the following duties under the laws of the State of Mississippi as he drove the tractor-trailer rig at or near the point of collision in issue in this suit:
(1) to drive his tractor-trailer rig at a reasonable speed under the facts and circumstances then prevailing, considering the fact he was approaching a marked plant entrance, and the traffic conditions then existing (emphasis supplied);
(2) to keep a proper lookout while he drove his tractor-trailer rig;
(3) to see the objects and things that were available to be seen at that time and place;
(4) to keep his tractor-trailer rig under reasonable control in order to avoid striking other vehicles;
If you find from a preponderance of the evidence that by passing Kenneth Stewart's vehicle at or near a marked plant entrance, or by passing Kenneth Stewart [sic] vehicle under the circumstances then existing, including the brake lights of the Kenneth Stewart vehicle, if any, and the speed of the Kenneth Stewart vehicle, if you find by a preponderance of the evidence that the defendant John L. Davis violated any of these duties, then you must find John L. Davis negligent. If you further find from a preponderance of the evidence that this negligence, if any, proximately caused or proximately contributed to cause the damages issue in this suit, then you must return a verdict for Kenneth Stewart against both defendants for such sums as you may determine in accordance with the other instructions of this Court.
[2] Court instructs the jury that the mere fact that Kenneth Stewart may have been guilty of negligence in failing to give a signal of his intention of making a left turn does not automatically lessen or bar his recovery of his damages. In order for this negligence, if any, to lessen or bar Kenneth Stewart's recovery, if any, against the defendants, you must find from a preponderance of the evidence that this failure to give a signal was the sole proximate cause, or a proximate contributing cause, to this wreck. In order for this negligence, if any, of Kenneth Stewart to completely bar his recovery, you must find from a preponderance of the evidence that it was the sole proximate cause of the wreck. In order for you to lessen any recovery that Kenneth Stewart might make, you must find from a preponderance of the evidence that the negligence, if any, of Kenneth Stewart in failing to give a signal was a proximate contributing cause of this wreck.
[3] Jury Instruction No. P-11, granted by the Court, reads as follows:

The Court instructs the jury that even if you find from a preponderance of the evidence in this case that Kenneth Stewart, the plaintiff might have been guilty of some negligence, such negligence, if any, is not a complete bar to a recovery by Kenneth Stewart, but only operates to reduces (sic) the amount of damages Kenneth Stewart might recover. Therefore if you find from a preponderance of the evidence that both the plaintiff Kenneth Stewart, and the defendant John L. Davis were negligent, and the negligence of both the defendant John L. Davis and Kenneth Stewart the plaintiff were proximate contributing causes of the wreck in issue in this case and Kenneth Stewart sustained injuries and damages caused by the combined causal negligence of both John L. Davis, the defendant and Kenneth Stewart, the plaintiff, then you will, in arriving at your verdict determine that sum of money which will fairly and adequately compensate Kenneth Stewart for said injuries and damages, and reduce this sum in proportion to the causal negligence attributed to Kenneth Stewart.